PER CURIAM.
We affirm the convictions for grand theft, unlawful possession of a firearm by a convicted felon, and carrying a concealed firearm on a holding that the initial investigatory stop of appellant by show of force did not, under the circumstances, violate fourth amendment standards and that, therefore, the contraband initially surrendered by appellant and other incriminating evidence subsequently discovered by police officers were not illegally obtained.
Appellant violated the conditions of a community control program which led to the subject convictions. The violations included (1) failure to be at an approved residence at a prescribed time, and (2) burning of an automobile which the police were seeking as evidence in a homicide investigation. The court enhanced the sentence giving three reasons, most important of which was the destruction of homicide evidence. That reason alone sufficiently supports the upward departure from the sentencing guidelines. See Steiner v. State, 469 So.2d 179 (Fla. 3d DCA 1985) (violation of probation is sufficient to justify departure); Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984) (same); see also Mischler v. State, 458 So.2d 37, 40 (Fla. 4th DCA 1984) (deviation is proper where crime is odious and repugnant). We note, however, that one of the reasons assigned as a basis for departure is invalid. Nevertheless, we are convinced beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla.1985).
Affirmed.