DAUKSCH, Judge.
This is an appeal from a sentencing guideline departure sentence.
The trial judge departed from the recommended guideline sentence because:
1. Departure above the guidelines on the grand theft sentence is appropriate because the motive for the theft was to escape apprehension for another crime, and the reckless manner in which the defendant carried out the theft and attempted escape posed a great risk to other drivers because the defendants admittedly drove while under the influence of alcohol combined with cocaine taken expressly for the purpose of enabling the defendant to carry out the theft.
2. Departure about the guidelines is appropriate in a sentence for grand theft where a motive for the theft was to remove and destroy evidence from the scene of a crime.
Appellant was charged with second degree murder, possession of a weapon in the commission of a felony and grand theft of an automobile. He was convicted of battery and auto theft. The judge departed for the reasons mentioned above and appellant says the reasons are insufficient to support the departure. We agree. The evidence is that appellant stabbed the victim with a knife then took his car and some bloody bed sheets and left for Texas. Along the way appellant disposed of the bed sheets by putting them in trash containers at a roadside park. When he was stopped for a traffic violation in Texas, he confessed his crimes and told of the location of the bloody bed sheets. They were recovered. At the scene of the crime he had left some of his clothing and the desk clerk at the motel (the scene) had his name and address. Before leaving town the appellant became intoxicated and impaired by the ingestion of alcohol and cocaine.
The first reason for departure is invalid for two reasons. First, flight to avoid apprehension or prosecution is not a valid reason for departure. McCall v. State, 503 So.2d 1306 (Fla. 5th DCA 1987); Pendelton v. State, 493 So.2d 1111 (Fla. 1st DCA 1986). Second, even though operating a car while under the influence of alcohol and cocaine may pose a great risk to other drivers a departure cannot be based on factors relating to the offense for which convictions have not been obtained. Fla.R. Crim.P. 3.701(d)(ll). While worded as a valid reason, creating great risk to others, the first reason actually departs on the basis that the appellant was driving under the influence. This violates Rule 3.701(d)(ll). .
The second reason for departure might be considered valid because destruction of evidence sought in an investigation is a valid reason for departure. Fernandez v. State, 482 So.2d 541 (Fla. 3d DCA 1986). However, the stealing of the automobile was not done to destroy evidence; it was done to leave the area. The incidental fact that appellant also took the bed sheets and attempted to dispose of them does not give the court a proper reason to depart; appellant was not convicted of, or even charged with, the theft of the bed sheets.
The sentence is vacated and this cause remanded for resentencing.
SENTENCE VACATED; REMANDED.
ORFINGER and COBB, JJ., concur.