522 So.2d 496 (1988)
David Ivan SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-338.
District Court of Appeal of Florida, First District.
March 17, 1988.
*497 Laura E. Keene of Beroset & Keene, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Sims appeals from his sentences which constituted an upward departure from the guidelines sentence range. We reverse and remand for resentencing.
Appellant pled nolo contendere to and was convicted of two counts of possession of cocaine and two counts of sale of cocaine. The guidelines sentence range was 12 to 17 years. Imposing consecutive sentences as to some of the counts, the appellant was sentenced to a total of thirty years. The court entered the following written order purporting to justify the upward departure:
1. The defendant entered his plea on February 24, 1987, and the Court ordered a pre-sentence report prepared prior to sentencing even though one was not required because of defendant's extensive prior record. The Court also deferred the sentencing date two months to allow defendant sufficient time to render assistance to law enforcement authorities so that his expected cooperation could mitigate any sentence to be imposed. Defendant failed to meet the conditions of his bond when he failed to appear for this scheduled sentencing on April 28, 1987. Defendant remained a fugitive for approximately ten (10) days until his father, who was surety on his son's bond, surrendered defendant to authorities. Such conduct when considered in light of defendant's prior record manifests defendant's utter disregard for the law and the authority of this Court and should be considered. See Williams v. State, infra.
2. As stated above, defendant was given an opportunity to cooperate with the authorities. Rather than assist with the investigation against a coconspirator thought to be the source of the cocaine sold to undercover officers, defendant went to the office of the coconspirator's attorney and gave him a sworn statement exculpating the coconspirator from any involvement in the charged transaction contrary to the representations defendant had made earlier to the authorities. Defendant's attempt to thwart an ongoing investigation can be rightfully considered an aggravating circumstance warranting an upward departure. Fernandez v. State, 482 So.2d 541 (3 DCA 1986).
3. Defendant's prior criminal record evinces a pattern of escalating criminal conduct. His prior juvenile record, which was not scored and therefore may be considered for this purpose, discloses early use and abuse of marijuana. His early adult record next shows alcohol abuse and alcohol-related offenses. Next follows a gradual progression into the abuse of pharmaceutical or prescription drugs and offenses for related violations. Finally, there follows convictions for more violent offenses for robbery and firearm possession until his conviction for the sale and possession of a hard drug, cocaine. This circumstance warrants upward departure. Hester v. State, 503 So.2d 1342 (1 DCA 1987); Booker v. State, 482 So.2d 414 (2 DCA 1985). Equally relevant is that this offense was committed a month after defendant had been arrested and was free on bail for an unrelated marijuana offense. Williams v. State, 484 So.2d 71 (1 DCA 1986).
The above three paragraphs essentially advance the following four reasons for departure: (1) defendant's utter disregard for *498 the law and the authority of the court; (2) defendant's attempt to thwart an ongoing investigation; (3) defendant's pattern of escalating criminal conduct; and (4) commission of the instant offenses after defendant's arrest and release on bail in an unrelated marijuana offense. The third reason is the only one which can be approved under the facts of this case.
With respect to the first reason, the trial judge based his conclusion of defendant's utter disregard for the law and the authority of the court on: (a) defendant's breach of an obligation pursuant to a putative plea agreement to cooperate with authorities; (b) defendant's failure to appear for sentencing; and (c) defendant's prior record.
There is nothing in the plea dialogue indicating that the defendant undertook an obligation to render assistance to law enforcement, and the record is otherwise devoid of any support for the existence of such obligation. Also, the Supreme Court has held that a defendant's failure to appear for sentencing is an invalid reason for departure. Williams v. State, 500 So.2d 501 (Fla. 1986). Likewise with respect to the defendant's prior record. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). And so although a defendant's utter disregard for the law can be a sufficient reason for departure, see Santana v. State, 507 So.2d 680, 682 (Fla. 2d DCA 1987), the bases upon which the trial court reached that conclusion are not supportable. Thus, the reason must fail.
The trial judge's second reason for departure is that the defendant attempted to thwart an ongoing investigation. The trial judge based his conclusion on the fact that the defendant gave his codefendant's lawyer a statement exculpating the codefendant (Lawson). As stated by the trial judge:
[D]efendant was given an opportunity to cooperate with the authorities. Rather than assist with the investigation ... defendant went to the office of the coconspirator's attorney and gave him a sworn statement exculpating the coconspirator ... contrary to the representations defendant made earlier to the authorities.
Again, the above assumes the existence of an agreement or obligation on the part of the defendant to cooperate with the authorities. Yet, as we observed earlier, the record fails to support the existence of any such agreement or obligation on the part of the defendant. Further, there is nothing inherently wrong with a defendant giving a statement exculpating an alleged coconspirator. It is entirely possible that the defendant's sworn statement given to the coconspirator's attorney was true, even though it may have conflicted with his previous unsworn statements. The second reason is therefore invalid.
The third reason advanced by the trial court is the defendant's pattern of escalating criminal conduct. Such has been held to be a valid reason for departure. Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987); Keys v. State, 500 So.2d 134 (Fla. 1986). We agree with the trial court that the defendant's criminal history does in fact reveal such an escalation. His early history indicates that he was involved only in the personal use of controlled substances. Subsequently, his criminality expanded to include robbery and the use of a firearm to obtain such substances. And the defendant's record shows that he has progressed from the use of relatively "soft" drugs to the sale of cocaine. Such history establishes an increase in the nature and seriousness of the defendant's crimes and thus demonstrates the requisite escalation. See Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987) (escalation of criminal activity is shown by an increase in the nature and severity of the crimes); see also Gales v. State, 515 So.2d 431 (Fla. 4th DCA 1987). Accordingly, we approve the third reason.
The fourth and final reason advanced by the trial judge is that the offense was committed after the defendant's arrest and release on bail in an unrelated marijuana offense. That a defendant has committed an offense while out on bond for a similar offense on which the defendant was not convicted has been held to be an *499 invalid reason for departure. See Echevarria v. State, 492 So.2d 1146 (Fla. 3d DCA 1986) (invalid reason because predicated on "factors relating to prior arrests without conviction" contrary to Fla.R.Cr.P. 3.701(d)(11)). The trial judge's citation to and apparent reliance upon this court's decision in Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), is obviously misplaced.
The state has not established beyond a reasonable doubt that the trial court would have imposed the same sentence in the absence of the invalid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985). Sentence REVERSED and case REMANDED for resentencing.
SMITH, C.J., and ERVIN, J., concur.