PER CURIAM.
Jose Aleman seeks review of the trial court’s upward departure from the sentencing guidelines. Aleman was involved in a car accident which resulted in death of the driver of the other car. Aleman was charged with manslaughter by operating a motor vehicle while intoxicated, § 316.1931, Fla.Stat. (1985), and with leaving the scene of an accident involving personal injury, § 316.027, Fla.Stat. (1985). He entered a plea of nolo contendere to count II and proceeded to trial on count I. The jury found him not guilty of count I. The trial court adjudicated Aleman guilty of leaving the scene of an accident. For Aleman’s offense, the presumptive guideline range was any nonstate prison sanction. Departing from the guidelines, the trial court sentenced Aleman to serve five years in prison, with two years suspended. At the sentencing hearing, the trial court did not announce its reasons for departure. Several days later, however, the trial court entered an order enumerating as its reasons for departure: “The extent of victim’s injuries and her death; The nature of the Defendant’s prior conviction and the pattern it establishes in connection with the instant conviction; The Defendant’s effort and motive to conceal evidence; Defendant’s conduct in committing, the crime was egregious; that is, it was the most severe manner in which this law was violated or this crime was committed.” Upon consideration, we find that the trial court’s reasons do not satisfy the legal requirements for departure.
The first reason, victim’s death, is an inherent component of manslaughter, Roundtree v. State, 528 So.2d 436 (Fla. 2d DCA 1988); Aleman, however, was acquitted of that charge. Florida Rule of Criminal Procedure 3.701(d)(ll) states that “[rjeasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.” Thus, the first reason does not support departure. See State v. Tyner, 506 So.2d 405, 406 (Fla.1987) (where murder charges dismissed, deaths which occurred as a direct result of burglary improper reason for departure); Johnson v. State, 524 So.2d 1153 (Fla. 3d DCA 1988) (where departure reasons “relate entirely to a crime for which the defendant was acquitted by the jury,” reasons cannot be used as basis for departing from the guidelines on convicted offense); Johnson v. State, 517 So.2d 792 (Fla. 3d DCA 1988) (factor relating to offense for which convictions not obtained improper basis for departure); Vega v. State, 498 So.2d 1294, 1296 (Fla. 5th DCA 1986) (departure based on victim injury improper where departure would in fact be based upon an offense for which defendant was charged and not convicted because of the plea negotiation); but see Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988); see also Scurry v. State, 489 So.2d 25 (Fla.1986); cf. Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988) (no additional points for victim injury where victim’s injury was subject of defendant’s conviction for second degree murder for which points are scored). Additionally, there is no evidence that defendant’s conduct in committing the convicted offense contributed to or aggravated victim’s injuries. Tyner, 506 So.2d at 406 (“Judges may consider only that conduct of the defendant relating to an element of the offense for which he has been convicted”).
Next, the record does not support the court’s second reason for departure. The present conviction for leaving the scene of an accident and a scored four or five year old misdemeanor DUI conviction do not constitute a pattern. See Newland v. State, 508 So.2d 486 (Fla. 3d DCA 1987). As for the fourth reason, the record does not show that Aleman committed the crime in a manner more severe than the ordinary case of leaving the scene of an accident. Here, Aleman left the scene after he saw that an eyewitness had stopped and rendered assistance. See Davis v. State, 517 *386 So.2d 670 (Fla.1987) (fact that defendant left home rather than assisting her husband after shooting him does not make crime particularly cruel; act occurred subsequent to criminal act which caused his death).
Finally, the trial court’s third reason does not support departure. The record shows that Aleman discarded a bloody shirt and fled the scene, causing a delay in the administration of a blood alcohol test. Although the record clearly indicates that he fled the scene and discarded his shirt, it does not prove beyond a reasonable doubt that Aleman’s motive was to conceal evidence. See Gray v. State, 522 So.2d 91 (Fla. 1st DCA 1988); Vanover v. State, 514 So.2d 1140 (Fla. 5th DCA 1987); see generally Davis, 517 So.2d at 672 (“In order for a reason to be clear and convincing, there must be an appropriate reason for departure and the facts of the case must establish the reason in that particular case beyond a reasonable doubt.”).
Accordingly, we vacate the sentence and remand for sentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
VACATED AND REMANDED.