NIMMONS, Judge.
Curry, who was convicted by jury of possession with intent to sell or distribute cocaine, appeals both his judgment and sentence contending that there was a lack of evidence of intent to sell or distribute and that the court erred in imposing an upward departure sentence. We have examined the evidence and find it supports the intent to sell or distribute. However, we must reverse on the guidelines departure issue.
The trial court’s written order setting forth its reason for departure recited that four days prior to the commission of the instant offense, the appellant had been re *43 leased on bond on two unrelated charges of aggravated battery. Appellant unsuccessfully objected to this reason, asserting that the departure was improper because appellant had not been convicted of such unrelated charges. The trial court sentenced appellant to five years incarceration followed by ten years probation. The guidelines called for community control or 12-30 months incarceration.
This same issue has been previously decided and resolved in favor of the defendant in Campbell v. State, 558 So.2d 34 (Fla. 1st DCA 1989) and Sims v. State, 522 So.2d 496 (Fla. 1st DCA 1988). No other departure reason having been advanced by the trial court, we must reverse the sentence and remand for resentencing within the guidelines.
The judgment is affirmed. The sentence is reversed and the case is remanded for resentencing in accordance with this opinion.
BOOTH and THOMPSON, JJ., concur.