COBB, Judge.
Travis McCall appeals a 30-year sentence imposed for second-degree murder, which represented a three-cell departure from the presumptive guideline sentence.
The trial court delineated his reasons for departure in writing, as follows:
1. The defendant McCall used excessive force causing the victim to die a lingering death — crushing the victim’s head three or four times with concrete blocks and hitting the victim in the face with a board.
2. After the victim was dead or near death, the defendant, McCall, committed sexual battery on the victim by penetrating the victim’s anus with a metal pipe.
3. After the victim was dead, or near death, the defendant robbed or took from the body of the victim, the victim’s pants and the victim’s wallet and over $100 in cash from the victim.
4. The defendant McCall, fled the State of Florida to avoid prosecution and attempted to elude authorities in Kentucky prior to his capture.
Appellant contends that none of the reasons given by the trial court for departing from the guidelines sentence in the instant case is valid. Appellant is correct. This court recently held in Holden v. State, 487 So.2d 1199 (Fla. 5th DCA 1986), that “the excessive use of force cannot be a valid reason for departure where death is the result of the criminal act for which the defendant was convicted.” Thus, reason number one is invalid.
Reasons two and three are also invalid. It is improper to depart from the sentencing guidelines based upon a crime for which a conviction has not been obtained. See Fla.R.Crim.P. 3.701(d)(11). Moreover, we have held that mutilation of a dead body does not constitute excessive brutality. Phelps v. State, 490 So.2d 1284 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla.1986). Here, the evidence indicates the victim was rendered unconscious, if not killed, by the first blow to his head; certainly there was no clear and convincing evidence that he was alive or conscious thereafter. Contrary to the finding by the trial court, neither sexual battery nor robbery can be committed against a corpse.
Finally, the fourth reason, the fact that the appellant had fled the state, is an invalid basis for departure. As the First District recently stated in Pendelton v. State, 493 So.2d 1111 (Fla. 1st DCA 1986), “[T]he fact that ‘the defendant was finally apprehended in Illinois and returned to Florida for trial,’ ” was not a permissible ground for departure. Most criminals do flee from the place of the commission of their crimes. If this were a valid ground for departure, virtually every case would be a departure case.
As none of the reasons given by the trial court for departing from the sentencing guidelines was valid, this case is remanded with instructions to sentence within the guidelines.
UPCHURCH, C.J., concurs.
SHARP, J., concurs in part, dissents in part, with opinion.