516 So.2d 333 (1987)
Bennie Boyd MOONEY, Appellant,
v.
STATE of Florida, Appellee.
No. BL-329.
District Court of Appeal of Florida, First District.
December 9, 1987.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
*334 Robert A. Butterworth, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of a jury verdict finding appellant guilty of assault, possession of a short-barreled shot-gun, and possession of a firearm by a convicted felon. Appellant raises three issues for our consideration: (1) that it was error to sentence him under the Habitual Offender Act, (2) that the trial court erred in relying on a facially incorrect guidelines scoresheet in calculating the presumptive sentence, and (3) that the trial court's reasons for departure from the guidelines recommendation were not clear and convincing. Because we find that appellant has demonstrated error, we reverse and remand for resentencing.
The relevant facts are that appellant was serving a sentence for a previous conviction for possession of a firearm by a convicted felon when he was allowed a furlough by the Department of Corrections in July, 1985. While driving a truck with some of his friends, appellant was nearly hit when another driver pulled out in front of him. Appellant's reaction was to take a sawed-off shotgun and aim it at the face of the other driver while berating him. Appellant was subsequently apprehended and convicted of the offenses mentioned above. The trial court sentenced appellant to 20 years' imprisonment on the possession of a firearm by a convicted felon count, using the habitual offender statute to exceed the otherwise allowable statutory maximum of 15 years. Appellant also received ten years for the possession of a short-barreled shotgun offense and 60 days for the assault, all sentences to run concurrently. Appellant's presumptive sentence under the applicable guidelines was two and one-half to three and one-half years, although an erroneously prepared scoresheet showed a presumptive sentence of three and one-half to four and one-half years. In sentencing appellant for a term longer than that recommended by the guidelines, the trial court set out six reasons. They were:
1. The defendant stands now convicted of I. Simple Assault; II. Possession of a Firearm by Convicted Felon; and III. Possession of a Short Barrelled Shotgun.
2. The Defendant has previously been convicted of eight felony offenses in the courts of this State. Three of those prior felony offenses were separate incidents of Possession of a Firearm by a Convicted Felon.
3. The Defendant's last previous conviction of Possession of a Firearm by a Convicted Felon was accompanied by three related convictions for crimes of violence.
4. The Defendant was serving a two year sentence for the last previous conviction of Possession of a Firearm by a Convicted Felon at the time he escaped from prison and committed an additional offense of Possession of a Firearm by a Convicted Felon.
5. The Defendant is an habitual offender within the meaning of the Statute.
6. The Defendant's prior history of violence includes but is not limited to a prior conviction of Resisting Arrest Without Violence; this prior conviction came about as a result of an officer's attempt to arrest the Defendant for a firearms violation. The Defendant has a recurring pattern of violence associated with his more recent convictions of Possession of a Firearm by a Convicted Felon. His last previous conviction for Possession of a Firearm by a Convicted Felon was associated with convictions for Improper Exhibition of a Dangerous Weapon and two counts of Attempted Aggravated Assault. His present conviction involved Simple Assault.
For our purposes, issue one was settled by the Florida Supreme Court's ruling in Whitehead v. State, 498 So.2d 863 (Fla. 1986). In Whitehead, the court held that the Habitual Offender Act cannot be used to sentence a defendant to a term longer than that recommended under the guidelines. Consequently, whether appellant *335 was sentenced properly under the statute is unnecessary to discuss because the statute has no application here.
Issue two requires reversal because, as appellant argues, the trial court incorrectly calculated the scoresheet. As calculated below, appellant's scoresheet shows a total of 99 points. This total was arrived at by improperly scoring the third-degree felony, possession of a short-barreled shotgun, as a primary offense along with the second-degree felony, possession of a firearm by a convicted felon. Other errors involved failing to correctly add the points so as to arrive at an accurate total. Rule 3.701(d)3, Florida Rules of Criminal Procedure, defines "primary offense" as "that offense at conviction which, when scored on the guidelines scoresheet, recommends the most severe sanction." Rule 3.701(d)4, Florida Rules of Criminal Procedure, adds that "all other offenses for which the offender is convicted... shall be scored as additional offenses." A properly calculated scoresheet would show 45 points for the second-degree felony, which was the primary offense at conviction, and three points and one point for the additional third-degree felony and misdemeanor offenses at conviction, respectively. This totals 49 points, which, when added to those scored based on appellant's prior record and legal constraint status at the time of the offenses, amounts to 81 points. This requires a presumptive sentence of two and one-half to three and one-half years.
Finally, we reluctantly conclude that all six reasons listed to justify departure from the guidelines were invalid. Reason one is invalid under State v. Mischler, 488 So.2d 523 (Fla. 1986), and Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Reason two is also invalid under Hendrix and its progeny. Reason three is invalid under Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986), and Hendrix, as it relates to an ongoing history of violence and crimes which were already scored. Reason four is invalid because legal constraint and the offense mentioned were specifically scored on the guidelines scoresheet. To the extent that this reason relates to unamenability to rehabilitation due to prior convictions, it is also improper under Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986). Reason five is invalid under Whitehead, supra. Reason six is invalid, as an ongoing history of violence and the fact that many of appellant's offenses were the same type of crime are both reasons which have been held invalid under case law. See Lee v. State, supra; Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986); and Hendrix v. State, supra.
In accordance with the Supreme Court's recent opinion in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), we reverse and remand for resentencing within the guidelines.
SMITH, C.J., and ERVIN and BOOTH, JJ., concur.