524 So.2d 663 (1988)
STATE of Florida, Petitioner,
v.
Travis Gene McCALL, Respondent.
No. 70345.
Supreme Court of Florida.
May 12, 1988.
*664 Robert A. Butterworth, Atty. Gen., and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for respondent.
EHRLICH, Justice.
We have for review McCall v. State, 503 So.2d 1306 (Fla. 5th DCA 1987), which expressly and directly conflicts with decisions of other district courts of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Travis McCall was charged by indictment with the first degree murder of Winston Bain. A jury trial was conducted and the jury rendered a verdict finding McCall guilty of second degree murder. The recommended guideline sentence was between twelve and seventeen years imprisonment. The trial court imposed a sentence of thirty years, which represented a three-cell departure from the presumptive guideline sentence, based on the following four reasons:
1. The defendant McCall used excessive force causing the victim to die a lingering death  crushing the victims [sic] head three or four times with concrete blocks and hitting the victim in the face with a board.
2. After the victim was dead or near death, the defendant, McCall, committed sexual battery on the victim by penetrating the victim's anus with a metal pipe.
3. After the victim was dead, or near death, the defendant robbed or took from the body of the victim, the victim's pants and the victim's wallet and over $100 in cash from the victim.
4. The defendant McCall, fled the State of Florida to avoid prosecution and attempted to elude authorities in Kentucky prior to his capture.
McCall appealed the thirty year sentence, contending that none of the reasons given by the trial court for departure from the guidelines sentence were valid. The district court below agreed and remanded the case to the trial court with instructions to sentence McCall within the guidelines. 503 So.2d at 1307.
The state now seeks review of the decision of the district court, arguing that the district court erred in determining that departure based upon the use of excessive force was invalid. The district court, relying on its recent decision in Holden v. State, 487 So.2d 1199 (Fla. 5th DCA 1986), stated that excessive use of force is not a valid reason for departure where death is the result of the criminal act for which the defendant was convicted. See also Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986).
Factors already taken into account in calculating the guidelines score cannot support a departure sentence. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Accordingly, in the present case, to the extent the trial judge was considering the injury suffered by the victim, departure would be improper because respondent McCall received twenty-one points on his scoresheet for "death or severe injury."
*665 This Court has recently recognized, however, that a trial court may validly depart from the recommended guidelines sentence when the conduct of the defendant is so extraordinary or egregious as to be beyond the ordinary case. See Hall v. State, 517 So.2d 692 (Fla. 1988); Vanover v. State, 498 So.2d 899 (Fla. 1986). In Hall, the trial court based departure, in part, on the "[p]remeditated repetitive and long-lasting beatings of their children beginning at approximately age one and continuing for three years for the younger victim and five years for the older victim and resulting in the severe, permanent scarring and disfigurement of their tiny bodies." Id. at 694. After noting that the permanent scarring and disfigurement of the victims could not be a basis for departure because victim injury had already been scored, this Court stated that the departure was predicated on the conduct of the petitioners which rendered this a particularly extreme incident of aggravated battery, not upon the severe victim injury which had already been scored. This factor was held to be a proper reason for departure. Id. at 695.
We agree with Judge Sharp that the trial court's first stated reason for departure was predicated upon the highly extraordinary and extreme means by which the murder was perpetrated. 503 So.2d at 1308 (Sharp, J., concurring in part, dissenting in part). Testimony at trial revealed that the victim's skull had one fracture which began at the left ear and crossed to the right side of the skull which pulled the bone on the floor of the skull apart. A second, larger fracture extended from the back of the skull down to where the spinal canal began, from which a two and one half inch square of bone had been torn loose. The injuries were inflicted by striking the victim in the head with a two inch by four inch piece of lumber and concrete blocks with such great force that the bone was showing through the wound. A large splinter of wood was imbedded in the victim's forehead. Tests revealed that strands of hair found clenched in the victim's fists were from the victim's own head, indicating the victim was conscious of the blows to his head.[1] The egregiousness of respondent's conduct is a clear and convincing reason for departure under the circumstances of the present case.
The petitioner has not challenged the district court's determination that the remaining three reasons are invalid. Because we hold that the trial court could properly depart from the recommended guidelines sentence based upon the egregious conduct of McCall, we quash that portion of the district court decision below holding this factor invalid. Because the state has not demonstrated beyond a reasonable doubt that the absence of the invalid reasons for departure would not affect the sentence, Albritton v. State, 476 So.2d 158 (Fla. 1985), we remand for resentencing.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We reject the state's argument that the facts considered by the trial court in the second departure reason, that respondent committed sexual battery on the victim by penetrating the victim's anus with a metal pipe, can be considered as evidence to support departure based upon excessively brutal conduct on the part of respondent in committing the murder. If the victim were still alive during this incident, a sexual battery was committed for which no conviction was obtained. It is improper to depart from the sentencing guidelines based upon a crime for which a conviction has not been obtained. See Fla.R.Crim.P. 3.701(d)(11). If the act was committed after the victim was dead, we agree with the district court below that mutilation of a body subsequent to death does not indicate the killing itself was excessively brutal and therefore cannot be a valid basis for departure. Cf. Jackson v. State, 451 So.2d 458 (Fla. 1984) (actions after death of the victim are irrelevant in determining whether aggravating circumstance of heinousness applies).