529 So.2d 351 (1988)
Johnny McFADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-606.
District Court of Appeal of Florida, First District.
August 8, 1988.
*352 Michael E. Allen, Public Defender and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Johnny McFadden has appealed his conviction and sentence. He has argued that the sentencing judge erred in departing from the recommended guideline sentence. We affirm the conviction and sentence.
Appellant was charged on March 5, 1987, with attempted sexual battery with great force, aggravated battery by inflicting great bodily harm, kidnapping and battery. Appellant withdrew his previously entered not guilty pleas and entered a negotiated plea of no contest to attempted sexual battery with great force and attempted kidnapping. As part of the plea bargain, the state agreed to recommend a sentence of 20 years, a guideline sentence within the 17-22 years range. It was also agreed that there would be a scoring of 85 points for victim injury. The state agreed to nolle pros all other counts in Case Nos. 87-570 and 86-3823.
On June 15, 1987, appellant was sentenced to consecutive 15-year terms in prison for each of the two offenses. As reasons for the departure the court articulated appellant's increase in violence, his 24-year criminal record, the victim's injury, and appellant's failure to be rehabilitated. The court found that the defendant's act was particularly brutal and that this excessive brutality is not factored into attempted sexual battery, nor is it factored into attempted kidnapping. The court expressed in particular that the defendant showed a perpetual and escalating involvement in violent crime. Also, the court detailed appellant's criminal record which showed that he had been convicted of similar offenses in the past. The trial court concluded that if any of the reasons stated were determined to be invalid, the court would nevertheless impose the same sentences on any reasons not determined to be invalid. These departure reasons, which were reduced to writing, are the focus of this appeal.[1]
*353 Our review of the guidelines scoresheet reveals that appellant was scored, per plea agreement, with 85 points, the maximum amount for death or serious injury. The trial court may not depart from the guidelines based on factors (here, victim injury), which are already scored. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). However, in State v. McCall, 524 So.2d 663 (Fla. 1988), the supreme court recognized that a trial court may validly depart from the recommended guidelines sentence when the conduct of the defendant is so extraordinary or egregious as to be beyond the ordinary case. As the Court found in McCall, we find here that departure may be based on the conduct of appellant which rendered this a particularly extraordinary incident of attempted sexual battery, separate and apart from the victim injury which already has been scored. Appellant strangled the victim to the point of unconsciousness during his attempt at sexual battery, and when she regained consciousness briefly, he banged her head against the floor until she again lost consciousness. Applying the reasoning in McCall, we find that "[t]he egregiousness of [appellant's] conduct is a clear and convincing reason for departure under the circumstances of the present case." Id. at 665. But see VanTassell v. State, 512 So.2d 181 (Fla. 1987), and Mathis v. State, 515 So.2d 214, 216 (Fla. 1987), wherein the supreme court, relying on VanTassell, found that excessive force is not a valid reason for departure when the force results in victim injury and the extent of injury has been calculated in the guidelines.
In his departure reasons, the trial judge details the extent of appellant's criminal history. Most of the offenses cited did not result in convictions (five convictions total). Further, as appellant argues, almost ten years passed between the first and second conviction, which were for similar crimes of battery. Although an escalating pattern of criminal behavior has been determined to be a valid reason for departure, Ballard v. State, 506 So.2d 1033 (Fla. 1987); Keys v. State, 500 So.2d 134 (Fla. 1986), the criminal history must demonstrate an increase in the nature and seriousness of the crimes, based on factors proven beyond a reasonable doubt (the standard pre-existing the 1987 amendment to Chapter 921, Florida Statutes).[2]See *354 Sims v. State, 522 So.2d 496 (Fla. 1st DCA 1988), relying on Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987). At sentencing, upon reviewing appellant's presentence report, the sentencing judge expressed the view that he was sentencing appellant to the maximum allowed by law because of the "increase in violence that you have exhibited in everything you've done. Your criminal record goes back twenty four years. You've never been able to stay out of trouble." The record reveals that defense counsel argued that all of these factors were already taken into account when appellant and the state entered the plea negotiations, resulting in an agreement for a recommended 20 years incarceration.
We agree with appellant that, when applying the standard for the burden of proof which existed prior to the 1987 amendment, the record before this court does not contain support, beyond a reasonable doubt, that appellant's criminal history shows an escalating pattern of criminal conduct. See Cox v. State, 508 So.2d 1318, 1320 (Fla. 1st DCA 1987); Nichols v. State, 504 So.2d 414 (Fla. 1st DCA 1987) (On Rehearing). In its order the trial court acknowledged, as we must, that several of the charges for which appellant was arrested were dropped, and therefore, cannot be counted against him.
Also, it has been held that lack of rehabilitation (here described as unamenability to rehabilitation), when linked with defendant's prior convictions, is an improper reason for departure. See Patty v. State, 486 So.2d 16, 17-18 (Fla. 1st DCA 1986); Mooney v. State, 516 So.2d 333, 335 (Fla. 1st DCA 1987). The court below stated, "[t]he court has also considered the prior record of the defendant ... as it indicates the defendant's unamenability to rehabilitation and reform"... . (Emphasis supplied.) Applying the rationale in Patty and Mooney, we find this reason for departure invalid also.
We conclude that only one of the trial court's reasons for departure, excessive brutality, is valid. However, because we are convinced beyond a reasonable doubt, that the trial court would have departed from the recommended guidelines sentences and pronounced the same sentence for this reason alone, we affirm appellant's sentence. See Albritton v. State, 476 So.2d 158 (Fla. 1985); Griffis v. State, 509 So.2d 1104 (Fla. 1987).
MILLS and SHIVERS, JJ., concur.
NOTES
[1] FOR DEPARTURE
This defendant pled guilty to Attempted Sexual Battery and Attempted Kidnapping. The defendant's Guidelines scoresheet resulted in 448 points, placing him in the sentencing block calling for a sentence of 17 to 22 years. Based on the reasons stated below, the defendant was sentenced to a total of 30 years which is an increase of two blocks on the recommended range of sentence. The facts of this case show that the victim was abducted from her work counter and taken to another part of a convenience store and strangled to the point of unconsciousness. The defendant then began removing the victim's clothing in preparation for a sexual battery, when the victim briefly regained consciousness. The defendant then banged her against the floor until she again lost consciousness. Before the defendant could complete the act of sexual battery, he was interrupted and fled the scene.
The defendant did receive points on the Guidelines scoresheet for victim injury, so victim injury in of itself was not used as the basis for departure. At the time of sentencing, the Court expressed some concern as to whether points for victim injury should be scored since victim injury is not necessarily an element of the crime of Attempted Sexual Battery with Force Likely to Cause Serious Personal Injury. In the event an appellate court determines that victim injury points should not be scored, then victim injury would certainly constitute a reason this Court would have departed from the recommended Guidelines sentence. Victim injury is factored into Sexual Battery. However, excessive brutality is not and, thus, is not factored into Attempted Sexual Battery. This offense certainly presents a vivid picture of excessive brutality. Having reviewed the factual basis stated for numerous cases of sexual battery, this Court can state that strangulation of the victim to the point of unconsciousness and the smashing of her head again to the point of unconsciousness, clearly constitute excessive brutality not present in the typical Attempted Sexual Battery and Attempted Kidnapping cases.
The Court has also considered the prior record of the defendant, not as it relates to factors already considered in the Guideline scoresheet, but as it indicates defendant's unamenability of rehabilitation and reform and defendant's perpetual and escalating involvement in violent crime. The defendant's record shows an escalating pattern of violence in his criminal activity. In 1973, the defendant was convicted of Assault and Battery and was placed on probation. In 1982, the defendant was convicted of Attempted Sexual Battery and other charges and was sentenced to four years in the Department of Corrections. He was paroled after serving about a year and a half. He was again arrested for Sexual Battery in 1984, but the charges were dropped, and thus the arrest cannot be counted against him. Likewise, in 1985, he was charged with Attempted Sexual Battery but the State dropped the charges, and again the arrest cannot be counted against him. In 1986, the defendant was arrested for Battery of a Law Enforcement Officer and Resisting Arrest. These charges were dropped as part of a plea bargain in the instant offense and, thus, are not counted against him. On the 22nd of February, 1987, the defendant was arrested and eventually pled guilty to the instant offenses, Attempted Sexual Battery and Attempted Kidnapping.
The escalating pattern of violence exhibited by the defendant should be taken into consideration and would independently constitute a reason for departure from the recommended sentence. If any of the reasons stated herein are determined to be invalid reasons for departure, this Court can state emphatically that the departure sentence would, nevertheless, be imposed based on any reasons not determined to be invalid. (Emphasis supplied).
[2] Chapter 921, Florida Statutes, effective July 1, 1987, provides in pertinent part:

(5) Sentences imposed by trial court judges must be in all cases within any relevant minimum and maximum sentence limitations provided by statute and must conform to all other statutory provisions. The failure of a trial court to impose a sentence within the sentencing guidelines shall be subject to appellate review pursuant to Chapter 924. The extent of departure from a guideline sentence shall not be subject to appellate review. A departure sentence shall be based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.
.....
(7) A court may impose a sentence outside the guidelines when credible facts proven by a preponderance of the evidence demonstrate that the victim suffered excessive physical or emotional trauma at the hands of the defendant. Such departure is not barred because victim injury has been utilized in the calculation of the guidelines sentence.
(8) A trial court may impose a sentence outside the guidelines when credible facts proven by a preponderance of the evidence demonstrate that the defendant's prior record, included offenses for which adjudication was withheld, and the current criminal offense for which the defendant is being sentenced indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes or a progression of increasingly violent crimes. (Emphasis supplied).