763 So.2d 1190 (2000)
Germaine BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3239.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
*1191 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
In this appeal from a conviction and consequent sentence, defendant has raised issues arising from the imposition of enhanced punishment that require discussion. Because our reversal of the sentence can be understood only in light of the context, we first set out the pertinent details.
Defendant was charged with five counts of armed sexual battery,[1] one count of armed kidnapping, and one count each of attempted first degree murder and aggravated *1192 battery. The jury acquitted defendant of all charges of armed sexual battery as well as the aggravated battery charge, but found him guilty of one count of sexual battery with threat of violence[2] as a lesser included offense of armed sexual battery, one count of false imprisonment as a lesser included offense of armed kidnapping, and simple assault as a lesser included offense of attempted first degree murder.
The sentencing guidelines scoresheet added 98 points for victim injury as follows: moderate 18; sex penetration 80. In imposing sentence, the trial judge departed from the recommended sentence under the guidelines of 15 years in prison and instead sentenced him to 30 years for the sexual battery with violence conviction, as well as concurrent 10 years for the false imprisonment conviction, and 60 days for the assault. As a written justification of aggravating circumstances, the trial court checked the following blocks on the standard sentencing form[3] and manually highlighted the words indicated:
[x] Offense was one of violence and was committed in a manner that was especially heinous, atrocious and cruel;

. . .
[x] Victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty;

. . .
[x] Offense was committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the arrest, or to effect an escape from custody.
[e.o.] Defendant objected to the departure sentence and now appeals it as being improperly employed in this case and unsupported by the evidence. We agree.
We first recall the applicable principles for departure sentences based on aggravating circumstances. A trial court may properly impose an aggravated departure sentence only when defendant's conduct "is so extraordinary or egregious as to be beyond the ordinary case." State v. McCall, 524 So.2d 663, 665 (Fla.1988); see also Hall v. State, 517 So.2d 692 (Fla. 1988); Vanover v. State, 498 So.2d 899 (Fla.1986). Moreover, where factors are already taken into account in calculating a guidelines score, those same factors may not also be used as aggravating circumstances for a departure sentence. McCall, 524 So.2d 663; Hendrix v. State, 475 So.2d 1218 (Fla.1985); Brown v. State, 611 So.2d 540 (Fla. 3rd DCA 1992). As one court explained, "[w]e find a lack of logic in considering a factor to be an aggravation allowing departure from the guidelines when the same factor is included in the guidelines for purposes of furthering the goal of uniformity." Burch v. State, 462 So.2d 548, 549 (Fla. 1st DCA 1985) (approved in Hendrix, 475 So.2d 1218). With these principles in mind we turn to the first aggravating factor, the finding of violence and that the sexual battery was heinous-atrocious-cruel.
Because the enhanced sentence turns almost exclusively on the evidence adduced at trial, and further because the jury acquitted defendant of the formal charges filed against him, while convicting only on lesser included offenses, our review of the departure sentence requires that we reconcile the actual charges and evidence at trial with the verdict. The defense at trial was that the victim had consented to having sex with defendant. The evidence established five separate sexual episodes during the night in question. Among other *1193 things, the evidence showed that the victim either urged defendant to clean up after several of the episodes to preclude others from learning what had occurred or, in fact, herself did the cleaning-up. She also accompanied the defendant to get a soft drink after one of the episodes. And at one point she was left near an open door to an outside parking lot while defendant was elsewhere in the building but made no attempt to escape. It is therefore indisputable that, as regards the formal charges on which defendant was being tried, the jury substantially agreed with defendant, finding that only one of the episodes lacked consent and thus convicting him only of a single lesser included sexual battery offense.
It is equally plain that the only evidence of violence was the victim's own trial testimony that defendant held a letter opener to her throat at the beginning of the initial episode, that he struck her with a tire iron, and that during one of the later episodes he choked her. The jury's acquittal of all charges of armed sexual battery, however, precludes any consideration of the letter opener evidence as a sentencing aggravator, for the letter opener was the weapon that the state contended supported the armed sexual battery charges of which the jury acquitted defendant. And the jury also rejected the evidence involving the tire iron, the allegation underlying the aggravated battery charge.[4]
We cannot avoid the conclusion that the trial judge based this aggravator on the judge's individual perception of the trial evidence. Yet the jury resolved that same evidence in favor of a verdict of acquittal on the relevant charges. It was error to base the aggravator on the judge's personal perception of the evidence because, as we indicated earlier, a trial judge may not base sentencing aggravators on evidence that the jury has clearly resolved in favor of an acquittal. McCall, 524 So.2d 663; Hendrix, 475 So.2d 1218.[5]
To permit a trial judge to reweigh trial evidence after a jury exoneration for purposes of imposing an aggravated departure sentence is to undermine the jury verdict, thereby creating intolerable implications under the Due Process and Double Jeopardy Clauses of the Florida Constitution.[6] As the supreme court made clear in State v. Overfelt, 457 So.2d 1385 (Fla.1984):
"The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury's historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm."
457 So.2d at 1387; see also Tucker v. State, 726 So.2d 768, 771 (Fla.1999) ( "Even where the use of a firearm is uncontested, *1194 the overriding concern of Overfelt still applies: the jury is the fact finder, and use of a firearm [for sentencing enhancement] is a finding of fact.").[7] Because the trial judge based the finding of an aggravating factor of violence and heinous-atrocious-cruel upon a reweighing of trial evidence relating to the criminal episode, it was error to enhance defendant's sentence for sexual battery based on this ground.
Next with regard to the second aggravatorthat the sexual battery involved emotional trauma, physical injury and crueltythe evidence at trial established injuries of "abrasions, and bruises in the neck area, the chest area, on her arms and legs, as well as her back." These injuries were included on the guidelines scoresheet under the heading of "moderate." The victim did not testify at the sentencing hearing. And even though her husband testified at the hearing, his testimony established only that she was continuing to participate in counseling as a result of the incidents in question.
Apart from due process and double jeopardy concerns, it is illogical and inconsistent for the only injuries proven to qualify as moderate on the sentencing scoresheet but, at the same time, be deemed extraordinary for purposes of imposing an aggravated departure sentence. Moreover, while some emotional trauma is inherent in the crime of sexual battery with threat of violence, see Lerma v. State, 497 So.2d 736, 739 (Fla.1986) ("emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim"), and State v. Rousseau, 509 So.2d 281, 284 (Fla.1987) ("[A]lmost all victims of a crime will feel some type of trauma; this type of trauma which usually and ordinarily results from being a victim of a crime is inherent in the crime and may not be used to justify departure."), there is utterly no evidence to support a finding that the victim's emotional trauma in this case meets the statutory qualification of extraordinary.[8] Similarly the record lacks any evidence to support a finding of cruelty.
Finally as respects the aggravator involving "effect[ing] an escape from custody," it is incontrovertible that defendant was not in custody when the events took place and that there was absolutely no colorable legal basis to employ this particular factor. See § 921.0016(3)(o) ("The offense [e.s.] was committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the offense, or to effect an escape from custody.").
We therefore affirm the conviction but reverse the departure sentence imposed on the sexual battery conviction and remand for resentencing within the guidelines.
WARNER, C.J., and STEVENSON, J., concur.
NOTES
[1] See § 794.011(3), Fla. Stat. (1997) ("A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony....").
[2] See and compare § 794.011(4)(b) ("... coerces the victim to submit by threatening to use force or violence [e.s.] likely to cause serious personal injury on the victim ...."), with § 794.011(3) ("... uses or threatens to use a deadly weapon or uses actual physical force [e.s.] likely to cause serious personal injury....").
[3] See Fla.R.Crim.P. 3.991(b).
[4] There is also plainly no evidence that would even colorably support a finding of "heinous, atrocious and cruel" as regards any of the crimes for which the jury convicted defendant.
[5] Of course if the evidence relied on to prove a fact on which an aggravated departure sentence was based, which fact was not associated with the criminal episode, was properly adduced instead only at the sentencing hearing, we would follow the statutory command that "[t]he level of proof necessary to establish facts that support a departure from the sentencing guidelines is a preponderance of the evidence." § 921.001(4)(a)6, Fla. Stat. (1997).
[6] See Art. I, § 9, Fla. Const. ("No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense....")
[7] The outcome would be different if the federal constitution supplied the rule of decision. See Monge v. California, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998) (double jeopardy clause of United States Constitution does not bar states as a matter of federal law from treating fact used to increase punishment as a sentencing enhancement rather than as element of crime), and cf. Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (due process clause of United States Constitution does not require government to treat fact used to increase penalty for crime as element of offense rather than as mere sentencing enhancement).
[8] See § 921.0016(3)(l), Fla. Stat. (1997) (victim suffered "extraordinary [e.s.] physical or emotional trauma or permanent physical injury, or was treated with particular cruelty...."). The state did not call as a witness at the sentencing hearing the victim's therapeutic counselor to testify as to the extent and nature of her psychological injuries.