GREEN, OLIVER L., Senior Judge.
The State appeals the downward departure sentence imposed on Reinaldo Valdes, Jr., for two counts of possession of cocaine and two counts of possession of marijuana. Because the trial court’s stated reason for departure is invalid, we reverse.
The State charged Valdes with two counts of possession of cocaine and two counts of possession of marijuana. Valdes filed motions to suppress the drugs seized from him, contending that the searches that produced these drugs were illegal.
At the start of the hearing scheduled to address these motions, counsel for Valdes told the trial court that Valdes would be willing to plead to the charges in exchange for a sentence below the lowest permissible sentence allowed by the Criminal Punishment Code. In requesting the departure sentence, counsel for Valdes admitted that there was no legal basis for the court to depart downward but argued that the lowest permissible sentence under the Criminal Punishment Code was excessive because it “overscored the severity” of Valdes’ criminal history. Counsel pointed out that Valdes had pleaded guilty nine years earlier to aggravated assault and robbery with a firearm, that adjudication had been withheld in that case, that Valdes had received a youthful offender sentence of three years’ probation, and that Valdes had successfully completed his probation. Counsel argued that since that time, Valdes’ criminal history had been minor.
The State objected to any potential downward departure sentence. The State noted that since Valdes had completed his youthful offender sentence, he had never gone more than a year without being charged with a crime in Pinellas County. The State specifically requested a sentence under the Criminal Punishment Code, noting that the lowest permissible sentence was 23.2 prison months and that it would be satisfied with that sentence.
After hearing these arguments, the trial court engaged Valdes’ counsel in a discussion about the downward departure reasons allowed by the federal sentencing guidelines. The trial court then offered Valdes a sentence of sixteen months in prison in exchange for a plea of no contest. *861 The State again objected and asked the trial court to state its reason for departure on the record. The trial court stated that it was offering the downward departure sentence because the sentence produced by the Criminal Punishment Code overrepresented the seriousness of Valdes’ prior criminal record. Valdes accepted the trial court’s plea offer and pleaded no contest to the charges. The trial court sentenced Valdes to sixteen months in prison pursuant to its offer. The State then brought this appeal, arguing that the trial court’s reason for departing downward was invalid.
In Hendrix v. State, 475 So.2d 1218 (Fla.1985), the trial court imposed an upward departure sentence after finding that such a sentence was justified by Hendrix’s prior record. On appeal, Hendrix contended that the upward departure was improper because his prior record had already been taken into account by the sentencing guidelines. In reversing for imposition of a guidelines sentence, the supreme court stated:
[T]he guidelines were adopted to establish a “uniform set of standards to guide the sentencing judge” and “to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related criteria and in defining their relative importance in the sentencing decision.” [In Re Rules of Criminal Procedure (Sentencing Guidelines), 489 So.2d 848,] 849 [ (Fla.1983) ]; Fla. R.Crim. Pro. 3.701(b).
[[Image here]]
In the instant case the trial judge departed from the guidelines based on the defendant’s prior criminal convictions. This was not a proper reason for departing. The guidelines have factored in prior criminal records in order to arrive at a presumptive sentence.... To allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive' sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines.
Id. at 1219-20.
While Hendrix dealt with the trial court departing upward on the basis of prior convictions already reflected by the recommended sentence under the guidelines, the same considerations arise when a trial court departs downward on the basis of prior convictions already accounted for by the Criminal Punishment Code. A trial court may not depart downward based on its belief that the lowest permissible sentence is too harsh in accounting for the defendant’s prior record because the Criminal Punishment Code scoresheet has already taken the defendant’s prior record into account. See State v. Lerman, 624 So.2d 849, 849 (Fla. 2d DCA 1993) (reversing a downward departure sentence that was based on the trial court’s disagreement with the recommended sentence derived from the sentencing guidelines); State v. Baker, 498 So.2d 1031, 1032 (Fla. 1st DCA 1986) (reversing a downward departure sentence imposed because the trial court believed that the recommended sentence under the guidelines was too harsh and noting that “though the guidelines aren’t meant to usurp all of the judge’s discretion, it is improper to depart based on the trial court’s perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime”). A downward departure on this basis represents nothing more than the trial court’s disagreement with the weight the Criminal Punishment Code has given to prior convictions.
In this case, the trial court’s sole reason for imposing the downward depar *862 ture sentence was its belief that the Criminal Punishment Code overstated the seriousness of Valdes’ prior convictions. Under Hendrix, Lerman, and Baker, this is an improper reason for sentencing below the lowest permissible sentence. Therefore, we reverse Valdes’ sentence. Because the trial court induced Valdes’ plea with the offer of a downward departure sentence, on remand Valdes must be given the opportunity to either withdraw his plea or accept a sentence pursuant to the Criminal Punishment Code.
Reversed and remanded.
ALTENBERND and COVINGTON, JJ., Concur.