944 So.2d 516 (2006)
Charles A. DAMIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-729.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Luke Newman of Daley Law Office, P.A., Tallahassee, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Charles A. Damiano ("Damiano"), timely appeals a final judgment resentencing him to life imprisonment in Florida State prison. Damiano argues that the trial court erred in imposing an upward departure sentence based on a prior conviction already considered in the calculation of his presumptive guidelines sentence. We agree and remand for imposition of a guidelines sentence.
Damiano was charged by information with, inter alia, the felony of kidnapping. Following a jury trial, he was convicted of said offense and sentenced to a term of life. This sentence was imposed pursuant to a Habitual Violent Felony Offender ("HVFO") classification in accordance with then applicable section 775.084(4)(b), Florida *517 Statutes (1993). Damiano timely filed a pro se Rule 3.850 motion. Fla. R.Crim. P. 3.850 ("Motion to Vacate, Set Aside, or Correct Sentence"). Between the filing of the pro se motion and the final evidentiary hearing, Damiano's current appellate counsel was appointed to represent him at the evidentiary hearing, where he argued the erroneous application of section 775.084(4)(b) to Damiano's factual circumstances. The trial court agreed and granted partial post-conviction relief, vacating Damiano's life sentence and scheduling a second sentencing hearing.
At the second sentencing hearing, the trial court upwardly departed from the sentencing guidelines, and re-sentenced Damiano to a term of life. The court did so based on the State's position that a departure was proper due to Damiano's prior record of criminal history, i.e. his prior conviction for robbery with a firearm. As a written justification of aggravating circumstances, the trial court checked the following block on the standard sentencing form[1]:
Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offenses that scored, or would have scored, at an offense level of 8 or higher.
Damiano's counsel objected to the departure sentence and now appeals it as being improperly employed in this case.
This sentencing issue is a pure question of law and is therefore reviewed de novo. See Moore v. State, 882 So.2d 977, 980 (Fla.2004).
The applicable principles for departure sentences based on aggravating circumstances are as follows. A trial court may impose an aggravated departure sentence only when a defendant's conduct "is so extraordinary or egregious as to be beyond the ordinary case." State v. McCall, 524 So.2d 663, 665 (Fla.1988). "Moreover, where factors are already taken into account in calculating a guidelines score, those same factors may not also be used as aggravating circumstances for a departure sentence." Brown v. State, 763 So.2d 1190, 1192 (Fla. 4th DCA 2000) (citations omitted). As the first district explained, "we find a lack of logic in considering a factor to be an aggravation allowing departure from the guidelines when the same factor is included in the guidelines for purposes of furthering the goal of uniformity." Burch v. State, 462 So.2d 548, 549 (Fla. 1st DCA 1985), approved in Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985).
During the re-sentencing, Damiano's prior criminal record, including his conviction for robbery with a firearm, was factored into his presumptive guideline sentence score. Despite Damiano's counsel's Sentencing Memorandum, which specifically cited this court's holding in Brown, and over counsel's objection, the trial court imposed the upward departure sentence based on the prior robbery conviction. See Brown, 763 So.2d at 1192. As a result, Damiano's robbery conviction was counted against him in determining his presumptive guidelines score and then again for purposes of upward departure. Identical logic was not only rejected by this court in Brown, but also by the second district in State v. Valdes, 842 So.2d 859, 861 (Fla. 2d DCA 2003) ("The [Florida sentencing] guidelines have factored in prior criminal records in order to arrive at a presumptive sentence . . . To allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence would in effect be counting the *518 convictions twice which is contrary to the spirit and intent of the guidelines") (quoting Hendrix, 475 So.2d at 1219-20).
Therefore, based on Brown, we quash the upward departure sentence and remand to the trial court for imposition of a guidelines sentence.
Reversed.
KLEIN and MAY, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.991(b).