WARNER, J.
 

 In this appeal from the summary denial of his motion for postconviction relief pursuant to rule 3.850, appellant challenges the summary denial of eight of his twenty claims of trial counsel ineffectiveness. We affirm as to all claims and write to address a sentencing issue.
 

 During sentencing, appellant’s trial counsel did not object to his upward departure sentence for armed sexual battery
 
 *392
 
 and burglary with a battery based upon two prior convictions for armed burglary which were already considered in the calculation of his presumptive guidelines sentence. Appellant claims this was ineffective assistance, as a departure could not be based upon a conviction already factored into the guidelines sentence. We disagree, as the sentence was imposed under section 921.0016(3)(r), Florida Statutes (1995), which permits an upward departure where “[t]he primary offense is scored at offense level 7 or higher and the defendant has been convicted of one more offense that scored, or would have scored, at an offense level 8 or higher.”
 
 See Elmer v. State,
 
 732 So.2d 21 (Fla. 1st DCA 1999).' The upward departure sentence was consistent with this statute.
 

 Appellant cites to
 
 Damiano v. State,
 
 944 So.2d 516 (Fla. 4th DCA 2006), for the proposition that a prior conviction scored in a guidelines sentence cannot again be used as a reason to impose an upward departure.
 
 Damiano
 
 was decided based upon 1993 sentencing law, and section 921.0016(3)(r), Florida Statutes, became effective January 1, 1994. Therefore,
 
 Dami-ano
 
 is distinguishable from this case, where appellant’s offense was committed in 1995.
 

 Affirmed.
 

 MAY and DAMOORGIAN, JJ., concur.