# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2185
Lower Tribunal No. 12-9039
_____


**Sandra Castillo,**
Appellant,

vs.

**Costco Wholesale Corp.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Carlos D. Cabrera (Hollywood), for appellant.

Cooney Trybus Kwavnick Peets and David F. Cooney and Kelly Lenahan (Fort Lauderdale), for appellee.


Before SUAREZ, LAGOA and SALTER, JJ.

SALTER, J.

Sandra Castillo appeals an order denying her motion for attorney's fees based on an offer of judgment to the appellee (defendant below), Costco Wholesale Corporation ("Costco"). The trial court denied the motion for fees based on Costco's objections that (1) the offer did not specify whether punitive damages were to be resolved as part of the proposed settlement,[1] and (2) the offer was fatally ambiguous because it purported to settle all claims, "inclusive of any and all attorney fees and costs incurred as of the date of the acceptance of this offer," further stating "Attorney fees are part of the legal claims," but the complaint itself did not in fact pray for an award of attorney fees.

We reverse and remand for the trial court to grant the motion and to hear and determine the amount of Ms. Castillo's attorney's fees properly awardable. There is no dispute that Ms. Castillo obtained a final judgment after a jury trial awarding her damages "at least 25 percent greater" than her pretrial offer of judgment to Costco.

After the trial court had ruled in the present case, the Supreme Court of Florida issued its decision in <u>Kuhajda v. Borden Dairy Co. of Alabama, LLC</u>, 202

---

[1] The complaint did not include a claim for punitive damages, and no motion to add such a claim pursuant to section 768.72, Florida Statutes (2012), was pending when the offer of judgment was served. Costco has commendably acknowledged that, based on controlling authority available after the ruling by the trial court, Ms. Castillo's "failure to identify whether punitive damages would be resolved as part of the settlement can no longer serve as a ground for finding the proposal defective." Initial Br. at 3 n.1.

2

So. 3d 391 (Fla. 2016). In that case, the Court carefully examined the relationship between section 768.79, Florida Statutes, "Offers of judgment and demand for judgment," and Florida Rule of Civil Procedure 1.442, "Proposals for settlement." In that case, the plaintiff (Ms. Kuhajda) served written proposals for settlement that did not specify "whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim," a requirement in Rule 1.442(c)(2)(F). No such requirement is found in section 768.79. The Supreme Court held that the offers of judgment were not ambiguous:

> We decline to invalidate Kuhajda's offers of judgment solely for violating a requirement in rule 1.442 that section 768.79 does not require. The procedural rule should no more be allowed to trump the statute here than the tail should be allowed to wag the dog. A procedural rule should not be strictly construed to defeat a statute it is designed to implement.

Kujhadja, 202 So. 3d at 395-96. The Court also held that "Rule 1.442(c)(2)(F)'s requirements relating to attorney's fees are totally irrelevant to the settlement of a case in which attorney's fees are not sought." Id. at 395.

The terms regarding Ms. Castillo's offer were sufficient under section 768.79. The offer was in writing, stated that it was being made pursuant to the statute, named the party making the offer and the party to whom the offer was made, stated its total amount, and was to be construed "as including all damages which may be awarded in a final judgment." § 768.79(2), Fla. Stat. (2016). Costco's contention that the offer is ambiguous relates to a provision of Rule

3

1.442(c)(2)(F), and not to the statute which "trumps" that provision or renders it "totally irrelevant" under Kujhadja.

The order denying Ms. Castillo's motion for attorney's fees pursuant to section 768.79 is reversed and remanded with directions to grant the motion, fix the amount of fees to be awarded, and enter a final order accordingly.

4