832 So.2d 826 (2002)
Robert Alvarez RUDOLPH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2476.
District Court of Appeal of Florida, Third District.
November 13, 2002.
Clarification Denied December 18, 2002.
*827 Schwartz & Wax and Barry M. Wax; Andrew M. Teschner, for appellant.
Richard E. Doran, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
The appellant, Robert Alvarez Rudolph, an attorney who was representing a defendant in a criminal case, appeals an order adjudicating him guilty of direct criminal contempt.[1] We affirm.
After numerous warnings both before and during the summation of a four month criminal trial, following an objected-to remark by Rudolph, the trial court issued a verbal order to show cause for direct criminal contempt. After the trial of the underlying case, a contempt hearing was held. At that hearing it was established that prior to summation, the lower court had distributed a form order to the attorneys in the case, advising, in part:
6) Counsel shall avoid using derogatory terms when referring to the defendant, a witness, or opposing counsel and shall not make any disparaging comments about counsel's occupation or performance in court....
Rudolph was making a summation on behalf of his client, discussing the tape-recorded evidence and testimony of a State's witness, when he stated in part:

*828 Power is dangerous and maybe there should be a limit to the power that attorneys have and maybe there should be a limit to the deals attorneys can make and maybe power corrupts....
The prosecutor objected and a sidebar conference was held. The court sustained the objection, observing:
... in the context of your discussions with this jury about power and things like that to help link it to being corrupt, basically is a derogatory comment on the prosecution and the lawyers in this case. At the end of this case you and I are going to have a discussion as to why you should not have to show why it is you should be held in contempt of court for violating the Court's order.
At the trial on the show cause order, Rudolph's motion to dismiss was denied. Ultimately, the court found him guilty, but withheld adjudication and fined him $500.00. The court stayed imposition of sentence pending appeal.[2]
Criminal contempt may be based on an act calculated to embarrass, hinder or obstruct the trial court in the administration of justice or which is calculated to lessen the court's authority or dignity. See Thompson v. State, 618 So.2d 781 (Fla. 5th DCA 1993). As observed in Thomas v. State, 752 So.2d 679, 684-86 (Fla. 1st DCA 2000):
Rule 3.830, Florida Rules of Criminal Procedure, does not define criminal contempt. Case law establishes that a party may be held in direct criminal contempt for the violation of an order of the court or for an act which is facially contemptuous. See Lawrence v. Lawrence, 384 So.2d 279 (Fla. 4th DCA 1980). Thus, the definition of criminal contempt is not restricted to a violation of an order per se.
Here, the trial judge had given clear warning of what was expected of counsel.[3] Thereafter, Rudolph was warned by the trial judge that he was violating court instructions and would answer for those violations at the conclusion of the case. A trial court's decision to sanction an attorney for trial misconduct is reviewed under an abuse of discretion standard. See Michaels v. State, 773 So.2d 1230 (Fla. 3d DCA 2000); Alvis v. State, 764 So.2d 859, 860 (Fla. 3d DCA 2000); Carnival Corp. v. Beverly, 744 So.2d 489(Fla. 1st DCA 1999); see also Fla. R.Crim. P. 3.830.[4]
Having thoroughly reviewed the transcript, we conclude that the trial judge did not abuse his discretion. While it is perfectly permissible for trial attorneys to point out perceived discrepancies in the evidence introduced at trial and opposing *829 counsel's characterization of the same, it is never acceptable for one attorney to effectively impugn the integrity or credibility of opposing counsel before the jury in the process. See Owens-Corning Fiberglas Corp. v. Crane, 683 So.2d 552, 554 (Fla. 3d DCA 1996). Moreover, we find incredible the lawyer's claim that he did not know the exact words he used were improper or would amount to a violation of the court's instructions. As the Rules of Professional Conduct of the Florida Bar, Rule 4-8.4(d) provides: "[a] lawyer shall not ... engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against ... other lawyers on any basis...."
Accordingly, the order under review is affirmed.
NOTES
[1] The Order of Contempt held Rudolph in direct criminal contempt for "personalizing derogatory remarks to or about opposing counsel" and "discuss[ing], in front of the jury, matters that were prohibited."
[2] In its written judgment the court also held Rudolph in contempt for mentioning excluded facts.
[3] See Thomas, 752 So.2d at 686, citing Gary D. Fox, Objectionable Closing Arguments: Causes and Solutions, 70 Fla. B.J. 43 (December 1996):

Trial judges can help reduce the incidence of [problematic] closing arguments ... by including as a part of every order setting a case for trial an unambiguous statement that lawyers who try cases before them will be expected to know and follow the law of closing arguments. At case management or pretrial conferences, the trial judge should reiterate these expectations. Another reminder should be given at the charge conference, shortly before the argument is to take place. The court should encourage attorneys to seek pre-argument rulings on proposed statements or arguments which fall into the gray areas.
[4] Florida Rule of Criminal Procedure 3.830 provides:

A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.