WELLS, Judge.
The state appeals an order granting Damian Comesana’s claim of ineffective assistance of counsel and ordering a new trial. See Fla. R.Crim. P. 3.850. To demonstrate ineffective assistance of counsel, a claimant for postconviction relief must show that his counsel’s performance was deficient and that there is a reasonable probability that counsel’s deficient performance affected the outcome of the trial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Chandler v. State, 848 So.2d 1031, 1035 (Fla.2003).[1] We conclude that the Comesana failed to meet this test and reverse.[2]
Comesana was charged with the second degree murder of Jose Sanchez. Sanchez had been dating Comesana’s estranged wife, and had been threatened by him. During a verbal altercation that turned physical, Comesana shot Sanchez once in the abdomen; Sanchez subsequently died.
There were two witnesses to the shooting, Comesana’s estranged wife and his fiancée. Initially, these two witnesses indicated that Comesana was the aggressor in the altercation. Later, their version of the events changed, and they claimed that the victim, Sanchez, was the aggressor.
At trial, the State attempted to establish that these witnesses had changed their testimony after meeting with Comesana’s attorneys. Comesana’s estranged wife admitted that she had met with one of Comesana’s attorneys, whom she did not identify, but denied softening her testimony as a consequence of that meeting. However, Comesana’s girlfriend, the principal witness to the shooting, confirmed that her testimony was significantly more damning to Comesana while she was represented by independent counsel than after she had met with Comesana’s second attorney, Reemberto Diaz.[3] During clos *464 ing argument, the State made several comments about the veracity of these two witnesses and Comesana and suggested that a “cover-up” had been perpetrated. Come-sana’s trial counsel did not object to these statements. Comesana was convicted of second degree murder, a conviction which we affirmed on appeal. See Comesana v. State, 831 So.2d 819 (Fla. 3d DCA 2002).
Comesana thereafter filed a 3.850 motion claiming, among other things, that Comesana’s trial lawyer, Robert Rudolph, was ineffective for failing to object to the following comments made by the State during closing argument[4]:
Comesana, his mother his estranged wife and his girlfriend have been doing everything that they can to cover this up, to stonewall, to lie, to deceive with one end, and that is to protect Damian Comesana.
tji iji iji
The lies, the cover-ups, are so ineptly done, that they are insulting.
* * * *
But by far, the most obvious attempt by the defense team to cover and to stonewall and to lie came from that man [Comesana] yesterday in his testimony to you.
* * * *
If this was an accident, if this was a tragedy, wouldn’t there have been a call to Dade County [9-1-1] beside to Fred Moldovan, the lawyer by the cover up gang as soon as Comasana [sic] fired that gun and it does not stop until now.
The trial court agreed with Comesana, concluding that trial counsel’s “failure to object to the repeated attacks by the prosecutor on the defense, defense witnesses, and defense lawyers resulted in sufficient prejudice to support a claim for relief in this case.” We disagree and reverse.
We see nothing in these four statements that constitutes an improper attack on Comesana’s self defense and accident defenses and thus find no deficiency in defense counsel’s failure to object to these comments on this ground. Nor do we find deficient the failure to object to the prosecutor’s observations that the witnesses— Comesana, his mother, his estranged wife and his girlfriend — had stonewalled, attempted to cover up, deceived and lied. The State’s characterization of these witnesses drew no objection because their testimony changed so many times and was so riddled with inconsistencies that, as the prosecutor maintained, his observations were fair comment and permissible in the context of this trial. See Murphy v. Int’l Robotic Sys., Inc. 766 So.2d 1010, 1028 (Fla.2000)(confirming that “it is not improper for counsel to state during closing argument that a witness ‘lied’ or is a ‘liar,’ provided such characterizations are supported by the record”) citing Craig v. State, 510 So.2d 857, 865 (Fla.1987)(finding that even though intemperate, prosecutor’s closing argument remarks characterizing defendant’s testimony as untruthful and the defendant himself as being a “liar” did not exceed the bounds of proper argument in view of the record evidence), and Forman v. Wallshein, 671 So.2d 872, 874 (Fla. 3d DCA 1996)(refusing to find improper counsel’s closing argument characterization of plaintiff as being a liar where “there was an ample evidentiary basis on which to dispute the credibility of the plaintiff’). Defense counsel’s failure to object to the prosecutor’s comments regarding the theory of the defense and these witnesses was not, therefore, deficient and *465 does not satisfy the first prong of Strickland.
The only reference to a lawyer in the State’s closing argument was to Fred Moldovan, Comesana’s first lawyer who was called as a witness at trial. This reference to Moldovan was made in response to Comesana’s claim that the shooting was accidental and came following the reading of transcripts of four 9-1-1 calls made by individuals unconnected with the shooting. Specifically, the reference to Moldovan was made during an argument that had Comesana shot Sanchez by accident, the first telephone call “the cover up gang” would have made would have been to Miami-Dade County emergency services (9-1-1) and not to Fred Moldovan, the lawyer:
What you hear there are the frantic calls of four people trying to save the life of a young man and the father of three children. What I also ask you to hear there is the deafening sounds of silence of anything, any call coming from Comesa-na. Nothing.
* * M: *
Not one of you heard the [sic] single person say the man that truly believed this was an accident. If this was an accident, if this was a tragedy, wouldn’t there have been a call to Dade County beside to Fred Moldovan, the lawyer by the cover up gang as soon as Comasana [sic] fired that gun and it does not stop until now.
This argument was not an attack on a defense lawyer nor, as far as we can see, was it objectionable. Defense counsel was not, therefore, ineffective for failing to object to this argument.
We also must disagree with the trial court’s conclusion that considering “the volatile atmosphere of this trial,” the jury must have believed that Mr. Rudolph [Comesana’s trial counsel] was part of “the cover up gang.” The prosecutor in closing identified the gang as consisting of Come-sana, his mother, his estranged wife, and his girlfriend. He did not include any of Comesana’s lawyers:
In Comesana’s world, in his friends’ world, in his family’s world, there is no murder, there is no killing that is justified [sic], there’s only tragedy and asks that nobody has to pay for and no penalty to the community, if anything went wrong and anything that was done, just a tragedy and just an accident. In their worlds, it is considered some kind of nobility to be here only to compel the truth and come in and over and over again to lie in the most boldface and obvious way. That is just a natural consequence of [Comesana’s] loyalty and romantic love. That is the rule that Comesanas [sic], the gang of three of his women live in. The coverup partners.
(Emphasis added).
An attorney should, of course, never impugn the integrity or credibility of opposing counsel. See Rudolph v. State, 832 So.2d 826, 828-29 (Fla. 3d DCA 2002) (observing that “[w]hile it is perfectly permissible for trial attorneys to point out perceived discrepancies in the evidence introduced at trial and opposing counsel’s characterization of the same, it is never acceptable for one attorney to effectively impugn the integrity or credibility of opposing counsel before the jury in the process”). There was, however, evidence that Comesana’s girlfriend (and perhaps even his estranged wife) had changed her version of the events surrounding Sanchez’ shooting after visiting Reemberto Diaz, one of Comesana’s previous defense lawyers. At most, the State’s comment regarding the “defense team” related to that testimony. The State never suggested or argued that opposing counsel, Robert Rudolph, had engaged in this conduct or had *466 covered up, stonewalled, or lied. Moreover, even if Rudolph’s failure to object to the State’s single use of the term “defense team” were deficient, viewing the record as a whole, we cannot conclude either that this error was so egregious as to deprive Comesana of a fair trial or that there was a reasonable probability that but for this error the outcome of this five and one half day trial would have been different. Strickland, 466 U.S. at 693, 104 S.Ct. 2052 (“[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding”).
Accordingly, the order under review is reversed and this matter remanded with instructions to reinstate Comesana’s conviction and sentence.

.As the Florida Supreme Court explained:
In order to prove an ineffective assistance of counsel claim, a defendant must establish two elements:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Wike v. State, 813 So.2d 12, 17 (Fla.2002); Rutherford v. State, 727 So.2d 216, 219-20 (Fla. 1998); Rose v. State, 675 So.2d 567, 569 (Fla. 1996). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Chandler, 848 So.2d at 1035-36.

. "Because both prongs of the Strickland test present mixed questions of law and fact, we employ a mixed standard of review, deferring to the circuit court’s factual findings (if they are supported by competent, substantial evidence) but reviewing the circuit court's legal conclusions de novo.” Cave v. State, 899 So.2d 1042 (Fla. 2005); see also Stephens v. State, 748 So.2d 1028, 1033 (Fla. 1999).

. Comesana was initially represented by Fred Moldovan, then by Reemberto Diaz. At trial he was represented by Robert Rudolph.

. Comesana raised three other instances in which his counsel allegedly had been ineffective. Those claims were rejected.