WIGGINTON, Judge.
Appellant seeks review of his departure sentence upon his conviction, after entry of *921 a guilty plea, of the second degree felony of committing a lewd and lascivious act upon a child, his fifteen year old daughter, in violation of section 800.04, Florida Statutes. We affirm.
The guidelines scoresheet resulted in a recommended sentence of community control or twelve to thirty months’ incarceration. However, the trial judge departed from that recommendation and sentenced appellant to four and one-half years in prison, based upon three written reasons, two of which we have determined were not clear and convincing. However, the third reason — the fact that the defendant took advantage of his position of familial authority and trust over the victim, his daughter — is a valid reason for departure. Jefferson v. State, 489 So.2d 860 (Fla. 1st DCA 1986); Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984). Under the circumstances of this case and considering the overpowering nature of the valid reason for departure, we are convinced that the trial judge would have imposed the same departure sentence based only upon that appropriate reason. Therefore, we affirm.
WENTWORTH and NIMMONS, JJ., concur.