562 So.2d 729 (1990)
James BARNES, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1360.
District Court of Appeal of Florida, Third District.
May 1, 1990.
Rehearing Denied July 13, 1990.
Bennett H. Brummer, Public Defender, and William D. Matthewman, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
Appellant seeks reversal of his convictions for attempted murder first-degree and unlawful possession of a firearm while engaged in a criminal offense. Defendant's conviction for attempted murder first-degree was enhanced from a first-degree felony to a life felony by reason of his use of a firearm. Therefore, as the state concedes, defendant's conviction and sentence for possession of a firearm while engaged in a criminal offense must be vacated. See Carawan v. State, 515 So.2d 161 (Fla. 1987); see also Hall v. State, 517 So.2d 678 (Fla. 1988); Brown v. State, 538 So.2d 116 (Fla. 5th DCA), review denied, 545 So.2d 1366 (Fla. 1989); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988).
All other errors raised by the defendant are without merit. Evidence of prior acts proved intent and lack of mistake, both facts at issue. See Goldstein v. State, 447 So.2d 903 (Fla. 1st DCA 1984). When this evidence was first introduced, defendant requested a shortened form of the Williams Rule instruction. See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2), Fla. Stat. (1989). When this request was denied, defendant waived the reading of the full instruction which the court was prepared to give in order to point out the limited purpose for which the evidence was being admitted. Thereafter, during the jury conference, the defendant did not request a Williams Rule instruction. Therefore, the defendant cannot now complain of the trial court's failure to give that instruction. See Skipper v. State, 420 So.2d 877 (Fla. 1982) (a request is necessary in order to preserve for appellate review the right to receive an *730 instruction). Also, defendant used familial trust to effectuate the crime, thus justifying a departure sentence. See Turner v. State, 510 So.2d 920 (Fla. 1st DCA 1987).
Accordingly, defendant's conviction for unlawful possession of a firearm while engaged in a criminal offense is reversed and his sentence as to that conviction is vacated. Defendant's conviction and sentence for attempted murder first-degree is affirmed.