597 So.2d 931 (1992)
James BARNES, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1360.
District Court of Appeal of Florida, Third District.
April 28, 1992.
*932 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.

On Remand
PER CURIAM.
In Barnes v. State, 562 So.2d 729 (Fla. 3d DCA 1990), this court affirmed the departure sentence ordered as to defendant James Barnes, basing our opinion as to this issue upon the defendant's use of familial trust to effectuate the crime for which he was convicted, the attempted first-degree murder of his wife. In Barnes v. State, 588 So.2d 585 (Fla. 1991), the supreme court determined the trial court's departure from the guidelines could not be affirmed on that basis. It quashed our order and remanded the case for further proceedings in accord with Davis v. State, 517 So.2d 670 (Fla. 1987) and Wilson v. State, 567 So.2d 425 (Fla. 1990).
Consistent with the supreme court's instruction to reconsider the sentence ordered, we once again affirm defendant's departure sentence. We base our opinion upon record evidence of clear and convincing reasons for departure stated by the trial judge at the time of sentencing, other than the violation of familial trust. The court's written order gave the following reasons for departure:
1. Victim suffered trauma beyond normal;
2. Breach of trust with wife;
3. Used children to accomplish goal;
4. Committed the crime in front of children; and
5. Tried to fire second time, third time, and fourth time.
Psychological trauma to the victim may be used to justify a departure sentence. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). "The sentencing judge is in the best position to observe the *933 vicious and malevolent intentions of the accused together with their marked and lasting effect on the victim." Id. at 587. Here, after the crime, the victim took a 3-month leave of absence from work, entered a clinic, and utilized a program for battered women. Months later, she still did not sleep well, she was too frightened to give her address to authorities, and she still called the organization for battered women on occasions of emotional relapses. Thus, we find no abuse of discretion in the trial court's determination that this trauma represented a clear and convincing reason for departure from the guidelines.
Additionally, the sentencing judge did not commit an abuse of discretion in considering the manner in which the crime was perpetrated. The circumstances and actions of the accused in the commission of the offense, including the amount of force used, may form the basis for a departure from the guidelines. Smith v. State, 454 So.2d 90, 91 (Fla. 2d DCA 1984). Here, four times, the defendant pulled the trigger of the gun he was aiming at the victim. Accordingly, considering the manner in which the crime was committed, the decision to depart from the guidelines was valid.
Because the underlying criminal offense occurred after July 1, 1987, we look to section 921.001(5), Florida Statutes (Supp. 1988) and affirm the sentence imposed, finding at least one circumstance or factor justifying the departure, and therefore, need not consider the presence of other circumstances or factors found not to justify departure.
Accordingly, we adopt as our own, the Supreme Court of Florida's opinion in Barnes v. State, 588 So.2d 585 (Fla. 1991) quashing our opinion in Barnes v. State, 562 So.2d 729 (Fla. 3d DCA 1990). On remand, based upon the reasoning stated herein, we affirm the departure sentence ordered.