611 So.2d 540 (1992)
Jim BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-867.
District Court of Appeal of Florida, Third District.
December 15, 1992.
*541 Bennett H. Brummer, Public Defender and May L. Cain, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendant, Jim Brown, appeals his conviction and sentence for battery and attempted second degree murder.
The defendant was charged with sexual battery and attempted first degree murder with a deadly weapon. Gertrude Starks, a woman with whom he lived for several years, accused the defendant of fighting with her, raping her, and then beating her with a shoe. The defendant raises six points on appeal.
For the following reasons, we affirm. First, the defendant contends that the trial court erred in permitting the state to introduce evidence of other wrong acts by the *542 defendant where this evidence was presented only to show the defendant's bad character and his propensity to commit criminal acts. We disagree.
"[E]vidence of any facts relevant to a material fact in issue except where the sole relevance is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion." Williams v. State, 110 So.2d 654, 663 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Even "evidence of other crimes is admissible if it casts light on the character of the act under investigation by showing either motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality." Ashley v. State, 265 So.2d 685, 693 (Fla. 1972). See also 90.404(2)(a), Florida Statutes (1989). Additionally, "[e]vidence from which premeditation may be inferred includes ... previous difficulties between the parties." Sireci v. State, 399 So.2d 964, 967 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982).
In the instant case, Stark was permitted to testify, over defense objection, that she and the defendant had a rocky relationship, that there were problems with his jealousy, and that he did not want anyone else in the house. Stark also testified that the defendant had threatened to kill her if he caught her with another man. Stark's testimony was proper as evidence of motive, intent, and premeditation. See King v. State, 436 So.2d 50 (Fla. 1983) (evidence that defendant had severely beaten victim twenty-three days before killing her was proper evidence of premeditation), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 163 (Fla. 1984); Hyer v. State, 462 So.2d 488 (Fla. 2d DCA 1984) (testimony that defendant's wife had obtained an order restraining defendant from bothering, threatening, or harming her, was relevant to issue of premeditation); Goldstein v. State, 447 So.2d 903 (Fla. 4th DCA 1984) (prior act of aggressive conduct and accompanying threats were admissible as relevant to issue of intent). Therefore, Stark's testimony was properly admitted in defendant's trial for her attempted murder.
During cross examination, the state was permitted over objection to ask the defendant about an ex parte injunction against domestic violence issued against him on May 23, 1989. The defense objected on discovery grounds claiming that the defendant had no previous notice of the injunction. The defendant now argues that the trial court erred in failing to conduct a Richardson inquiry as to the ex parte injunction because without proper discovery, he was unable to prepare for this line of questioning. See Richardson v. State, 246 So.2d 771 (Fla. 1971). We disagree.
The trial court properly admitted the evidence of the ex parte injunction to impeach the defendant's contention that he had no previous notice. The evidence impeached the defendant's credibility and, therefore, no notice was required. Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984). Since no notice was required, there was no discovery violation. Consequently, a Richardson hearing was not necessary. See Bush v. State, 461 So.2d 936 (Fla. 1984) (Richardson inquiry only necessary when there is a discovery violation), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986).
The defendant's third point on appeal is that the trial court erred in denying his motion for mistrial where the state made improper comments and elicited improper, inflammatory, and prejudicial testimony and, thereby, deprived him of a fair and impartial trial. We disagree.
Whether to grant a mistrial or not is a matter within the sound discretion of the trial judge. Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). A mistrial should be granted only if absolutely necessary. Wilson v. State, 436 So.2d 908 (Fla. 1983); Salvatore, 366 So.2d at 745. "[P]rosecutorial error alone does not warrant automatic reversal of a conviction unless the errors involved are so basic to a fair trial that they can never be treated as harmless." State v. Murray, 443 So.2d 955, 956 (Fla. 1984).
*543 In the instant case, whenever the defense objected to the state's line of questioning or to the state's closing argument, the trial court either sustained the objections, admonished the state, or gave a curative instruction. Additionally, we have reviewed the record and find that the remarks do not rise to the level of harmful error. The evidence against the defendant was overwhelming. Therefore, the trial court properly exercised its discretion in denying the defendant's motion for a mistrial where any improper comments constituted harmless error. Wilson, 436 So.2d at 911.
Fourth, the defendant contends that the trial court erred in allowing Dr. Valerie Rao, the emergency room doctor who conducted the rape treatment examination, and Officer Gaborick, the sexual battery investigator, to testify that Starks stated that she was beaten with a shoe. The defendant argues that the fact that she was beaten with a shoe was not relevant for diagnosis and treatment and is, therefore, inadmissible as hearsay. We disagree.
These statements fall under section 90.803(4), Florida Statutes (1989), as statements made for the purpose of medical diagnosis or treatment. Torres-Arboledo v. State, 524 So.2d 403, 407 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). This information was pertinent to the treatment of her wounds. Therefore, the trial court correctly exercised its discretion in allowing the testimony as to the defendant's use of a shoe as a weapon pursuant to section 90.803(4), Florida Statutes (1989).
Next, the defendant argues that the trial court erred by enhancing the attempted second degree murder conviction for the use of a weapon where it was clear that the jury was confused as to the definition of a weapon. We disagree.
After the jury retired to deliberate, they asked whether a closed fist or use of a foot is considered a deadly weapon. The trial court read the information to the jury and sent them the jury instructions. The trial court properly refused to give any further clarification. "A trial judge should not convey to a jury any intimation as to the court's opinion of the case." Stewart v. State, 420 So.2d 862, 863 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983). Any other action may have revealed the court's opinion of the case. Then, the jury returned a guilty verdict as to the lesser included offense of attempted murder in the second degree with a weapon. Pursuant to the verdict, the trial court adjudged the defendant guilty of attempted murder in the second degree with a weapon and sentenced him. Therefore, the trial court acted according to the essential requirement of the law. See Robinson v. MacKenzie, 508 So.2d 1285 (Fla. 3d DCA), rev. denied, 518 So.2d 1276 (Fla. 1987).
The defendant's final contention is that the trial court erred in imposing an upward departure sentence where the reasons stated by the trial court for departure are invalid. We disagree.
The state filed a motion for departure from the sentencing guidelines. The trial court departed from the guidelines range of 7-12 years and imposed a 25 1/2 years sentence for attempted second degree murder with a weapon and suspended entry of a sentence on the battery conviction. The trial court specified its reasons for the departure on the score sheet as follows: violation of trust; physical manifestation of emotional trauma; emotional trauma above and beyond the ordinary; severe, cruel, odious, and repugnant injury; evidence of sophistication; the crime was part of an ongoing course of conduct as evidenced by the temporary injunction against repeat violence; emotional trauma to victim's daughter; and injury due to excessive use of force. However, the trial court did not score victim injury as provided for on the score sheet. Rule 3.701(d)(7), Florida Rules of Criminal Procedure states that "[v]ictim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims." Even if the trial court would have scored victim injury on the score sheet as severe and *544 added 21 points to the 138 points shown on the score sheet, the new total of 159 points would not change the recommended sentence range of 7-12 years. Thus, this error was harmless.
With regard to the departure sentence, "[f]actors already taken into account in calculating the guidelines score cannot support a departure sentence." State v. McCall, 524 So.2d 663, 664 (Fla. 1988) (citing Hendrix v. State, 475 So.2d 1218 (Fla. 1985)). In the instant case, departure based on the injury suffered by the victim would be improper because the defendant should have already been scored twenty-one points on his score sheet for severe injury. See McCall, 524 So.2d at 664.
However, "a trial court may validly depart from the recommended guidelines sentence when the conduct of the defendant is so extraordinary or egregious as to be beyond the ordinary case." Id. at 665. In the instant case, the trial court listed "injury due to excessive use of force" as its seventh reason for departure. The record evidence reveals that the departure was predicated "upon the conduct of the defendant which was so egregious as to be beyond the ordinary case of aggravated battery." Hall v. State, 517 So.2d 692, 695 (Fla. 1988). The facts of the instant case depict a particularly extreme incident of battery and attempted murder. See Id. The victim was beaten beyond recognition. Detective Gaborick testified that in his twenty years of police work, he had never seen a live victim beaten so badly. The trial court "did not commit an abuse of discretion in considering the manner in which the crime was perpetrated." Barnes v. State, 597 So.2d 931, 933 (Fla. 3d DCA 1992). The amount of force use by the defendant constitutes a valid reason for departure. McCall, 524 So.2d at 663; Barnes, 597 So.2d at 932; Wright v. State, 538 So.2d 497 (Fla. 3d DCA 1989); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984). Accordingly, considering the way the crime was committed, the decision to depart from the guidelines was valid.
Since the underlying criminal offence occurred after July 1, 1987, we need only find one factor justifying the departure and do not need to consider the presence of other factors to justify departure. See Barnes, 597 So.2d at 932; § 921.001(5), Fla. Stat. (1989). We affirm the departure sentence ordered.
Affirmed.