773 So.2d 1230 (2000)
Alexander MICHAELS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-917.
District Court of Appeal of Florida, Third District.
December 13, 2000.
Kenneth P. Speiller, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Barbara A. Zappi, Assistant Attorney General, for appellee.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
SORONDO, J.
Alexander Michaels appeals from the trial court's judgment and sentence for direct criminal contempt.
During the trial of Ulysses Sidney Morris, Michaels, his defense counsel, was admonished by the court on several occasions to refrain from making speaking objections. After several warnings, defense counsel again began voicing his objections and concerns in front of the jury. The jury was excused and the trial court instructed Michaels to show good cause why he should not be held in contempt of court for his behavior.
In an explosive outburst, Michaels stated that he believed the court was biased against his client and criminal defendants in general.[1] Michaels asserted that his *1231 allegedly contumacious statements were in response to the court's question to him, which put him in the position of being embarrassed before the jury and was unfair.
The court found Michaels in direct criminal contempt, placed him on probation for six months, and ordered that he take six hours of continuing legal education in ethics, refrain from violating court rulings and act in a professional manner consistent with the Code of Professional Responsibility.
The trial judge had made her feelings known on the subject of speaking objections during the course of jury selection. At some point during voir dire examination it became necessary to examine certain jurors individually. Michaels was allowed to ask questions first. He was followed by the prosecutor. During one such examination Michaels asked for leave to ask additional questions after the prosecutor was finished. His request was denied and the following exchange between Michaels and the court occurred:
MR. MICHAELS: Well, Judge, I am going to strongly object to this procedure. I am going to refuse from now on to ask questions first. I don't think that that is fair and I think that the state should be the one to ask the questions first and I come after. I feel I am being sandbagged here and I don't appreciate it.
COURT: I think maybe we need to get some ground rules out of the way. There will be no speaking objections. If you wish to voice any objections you need to do them side bar from now on. I will allow you to ask a follow-up question if you wish to do so and then we will address your concern after.
(Emphasis added). This exchange took place in the presence of the juror being questioned. Immediately after the juror was excused from the courtroom the judge returned to the subject:
COURT: Okay. Mr. Michaels, let's get this issue out of the way right now. There will be absolutely and I mean absolutely no speaking objections. You can either say yes or no or state your objection in two or three legal type words, but there will be no speaking objections and I will very strongly insist that you follow those rulings.
MR. MICHAELS: I assume you instruct everybody, not just me, right?
COURT: Everybody. I usually do it before the trial. I neglected to do so at my own parol (sic), obviously. Usually the lawyers know you are not allowed to have speaking objections, but I always make a point to announce it before trial. But since I neglected to do so, I just want to make it clear right now, okay.

MR. MICHAELS: Yes, Judge.
(Emphasis added). It is clear, therefore, that from the very beginning of the trial, even before the opening statements were delivered, the trial judge made it absolutely clear that she would not tolerate speaking objections. As the judge observed, all trial lawyers know that so-called speaking objections are improper, as they constitute nothing less than unauthorized communications with the jury. Such objections characteristically consist of impermissible editorials or comments, strategically made by unscrupulous lawyers to influence the jury. They are distinguishable from legitimate objections which simply state legal grounds that arguably preclude the introduction of the evidence at issue. Where an objection requires more than a simple statement of such legal grounds, experienced trial lawyers know they need to seek a side bar conference or ask the court to excuse the jury so that more thorough arguments can be made.[2]
*1232 Michaels argues that the comments for which he was held in contempt were not technically speaking "objections." This argument has no merit. In addition to the admonition concerning speaking objections, the trial judge warned Michaels repeatedly about his outbursts, his constant tendency to speak out of turn in the presence of the jury, and his refusal to lower his voice during side bar conferences. To suggest that the trial judge had only forbidden speaking "objections," and that the statements which resulted in the contempt adjudication were not covered by that order is a total distortion of what occurred below.
We review the trial court's order holding Michaels in direct criminal contempt under the abuse of discretion standard. Thomas v. State, 752 So.2d 679 (Fla. 1st DCA 2000); Carnival Corp. v. Beverly, 744 So.2d 489 (Fla. 1st DCA 1999); Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997). Having thoroughly reviewed the transcript, we conclude that the trial judge did not abuse her discretion.
Affirmed.
NOTES
[1] Michaels' tirade, which followed the order to show cause, can only be characterized as a disgraceful personal assault on the integrity of the trial court. The judge, exhibiting the same remarkable patience she displayed during the rest of the proceeding, did not pursue an additional contempt citation, nor did she impose a jail sentence. Indeed, she clearly demonstrated the "care and circumspection" the Florida Supreme Court spoke of in State v. Clemmons, 150 So.2d 231 (Fla.1963), before holding this most obstreperous lawyer in contempt.

Because of his misconduct in this case, we refer attorney Alexander Michaels to the Florida Bar for disciplinary proceedings. We note that this is our second referral of this seemingly uncontrollable attorney. See Quiñones v. State, 766 So.2d 1165 (Fla. 3d DCA 2000).
[2] Michaels advised the trial judge during the course of the trial that he has been a practicing criminal trial lawyer for over 15 years.