POLEN, J.
The defendant was convicted of first-degree murder and sentenced to life in prison. The defendant argues on appeal that (1) the trial court improperly admitted the defendant’s prior statement to a third party that he would kill the victim if he did not get his money; and (2) the State failed to present sufficient evidence of premeditation so to survive his motion for judgment of acquittal. We disagree with the defendant on both issues and affirm the conviction and sentence.
The admission of evidence is within the sound discretion of the trial court and will not be overturned absent a showing of a clear abuse of discretion. Ward v. State, 59 So.3d 1220, 1222 (Fla. 4th DCA 2011). This includes reviewing a trial court’s determination as to the relevancy of evidence. Id. Discretion is abused “only ... where no reasonable person would take the view adopted by the trial court.” Id.
Evidence of prior bad acts is “admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” § 90.404(2)(a), Fla. Stat (2011). Evidence of prior threats to a victim is relevant to prove motive, intent, and premeditation. Brown v. State, 611 So.2d 540, 542 (Fla. *1271 3d DCA 1992). Furthermore, “[ejvidence from which premeditation may be inferred [specifically] includes ... previous difficulties between the parties.” Id. (citing Sireci v. State, 399 So.2d 964, 967 (Fla.1981)); see also Fennell v. State, 959 So.2d 810, 812, 814 (Fla. 4th DCA 2007) (considering evidence that the defendant had threatened to kill the victim a month before the actual murder when determining whether the State had presented sufficient evidence of premeditation).
 This case is analogous to Lamb v. State, 90 Fla. 844, 107 So. 530 (1925), in that the defendant argues the statement made to a third party (expressing that he would kill the victim if he did not get his money) was too remote in time to be considered relevant to prove his state of mind at the time of the actual murder. The reasoning of the Florida Supreme Court is as pertinent today as it was when it decided Lamb. There, the court expressed that the remoteness of the threat should bear on the testimony’s weight, rather than its relevance:
By the well-established rule of criminal evidence, testimony of threats made by the accused or by a codefendant in the presence of the accused, prior to the killing, is always relevant to show malice; or, when made long before, to show deliberation and premeditation. It is immaterial that the threats were not directed against the deceased individually. The relevancy of threats depends largely upon the light they shed on previous malice or premeditation. Hence their remoteness in time is no objection to their reception, though it may and indeed must be considered in determining their weight as evidence of existing intent.
... Objections to such evidence on the ground or [sic] remoteness [is] not ... well founded, and it was prejudicial only to the extent that any other legal evidence which tends to prove guilt is prejudicial.
Id. at 532 (internal citations omitted). The victim and defendant in this case not only had a long history as employer and employee, respectively, but the two were also involved in a romantic relationship at some point in the past. Just as in Lamb, Mr. Vargas’s statement to a third party that he would kill the victim if he did not get his money is relevant to show premeditation and deliberation. The trial court was correct in concluding that the remoteness has no bearing on the relevancy of the threat, but should only be considered when giving weight to the statement’s probative value of the defendant’s state of mind at the time of the shooting. Defense counsel was free to argue, as she did, that the testimony should be given little weight because the parties had since reconciled.
Moreover, the statement at issue was only one sentence during direct examination. This sentence “was prejudicial only to the extent that any other legal evidence which tends to prove guilt is prejudicial.” Lamb, 107 So. at 532; see also Wells v. State, 798 So.2d 757, 758 (Fla. 5th DCA 2001) (prior threats and attacks on victim became a “focus of the trial[,] and ... while ... certainly prejudicial, was not unreasonable.”). Based on the foregoing, and because the State was required to prove premeditation, we conclude that the trial court did not abuse its discretion by admitting testimony of this prior statement as it was relevant to prove premeditation and deliberation.
We also disagree with the defendant’s argument that the State failed to present sufficient evidence of premeditation to survive his motion for judgment of acquittal. The Florida Supreme Court has held that a trial court’s determination on *1272 the sufficiency of evidence to prove premeditation is guided by the following:
Premeditation is a factual issue for the jury.... Where the evidence of premeditation is wholly circumstantial ... the following standard applies: not only must the evidence be sufficient to support the finding of premeditation, but the evidence, when viewed in the light most favorable to the State, must also be inconsistent with any other reasonable inference.
Heyne v. State, 88 So.3d 113, 120 (Fla.2012) (citing Twilegar v. State, 42 So.3d 177, 190 (Fla.2010), cert denied, — U.S. -, 131 S.Ct. 1476, 179 L.Ed.2d 315 (2011)). Thereafter, “[t]his question of inconsistency is for the jury to determine.” Twilegar, 42 So.3d at 190.
In Heyne, the defendant argued that the State failed to present sufficient evidence of premeditation and therefore, the trial court erred in denying his motion for judgment of acquittal. Heyne, 88 So.3d at 120. The supreme court affirmed the trial court and held: “[The] evidence provided a basis for the jury to conclude that Heyne had time to reflect and form the intent to kill Benjamin because it demonstrated that Heyne left in the middle of the argument to deliberately select a deadly weapon, then returned to shoot Benjamin.Id. at 121.
In this case, the defendant contends that he “snapped” and that the State failed to introduce evidence that was inconsistent with every other reasonable inference. However, the State’s evidence of premeditation included evidence that the defendant argued with the victim, then went outside to his truck, loaded a .45 caliber pistol, racked the pistol, went back inside and shot the victim in the back. This evidence alone “provided a basis for the jury to conclude that [Vargas] had time to reflect and form the intent to kill [the victim] because it demonstrated that [Vargas] left in the middle of the argument to deliberately select a deadly weapon, then returned to shoot [the victim].” See id. Because this evidence, alone, is sufficient for a jury to infer premeditation, we need not discuss the remaining evidence of premeditation presented by the State. We hold that the trial court correctly denied the defendant’s motion for judgment of acquittal. The defendant’s conviction is affirmed.

Affirmed.

WARNER and STEVENSON, JJ„ concur.