CIKLIN, J.
Luckenson Datus appeals his convictions for burglary of a dwelling and resisting arrest without violence. We conclude that defense counsel’s relevance objection to certain testimony only preserved for appeal a claim concerning the relevance of certain testimony and did not preserve any type of argument as to unfair prejudice. As for the testimony’s relevance, we find that it was not relevant, but that its admission was ultimately harmless.
During the jury trial, an officer testified that she was looking for a suspect involved in a recent burglary in a Delray Beach neighborhood. When some nearby landscapers indicated that the suspect went east, she looked in that direction and saw the back of the suspect’s head going over a fence. The officer yelled for the suspect to stop, but he did not. The officer then pursued the suspect on foot and came upon a fence which she attempted to climb over. The officer fell and injured her leg, causing her to end her pursuit of the suspect.
At that point, the prosecutor asked the officer, “How badly were you injured?” The officer replied, “At the time, I didn’t realize it but I was actually out of work for six months.” Defense counsel then objected, stating, “Relevance,” as the reasoning. The trial court overruled the objection and the officer then simply restated that she was out of work for six months as a result of her fall. The officer’s testimony then moved on to other topics.
On appeal, Datus argues that the officer’s testimony about the extent of her injury was irrelevant and created improper sympathy for the officer. The state argues that the testimony was relevant or harmless, and that any argument about improper sympathy was not preserved by defense counsel’s bare relevance objection below.
Testimony which evokes sympathy for a victim may be inadmissible on the ground that its probative value is substantially outweighed by the risk of unfair prejudice. § 90.403, Fla. Stat. (2012); see also State v. Gerry, 855 So.2d 157, 159 (Fla. 5th DCA 2003) (“The unfair prejudice that section 90.403 attempts to eliminate relates to evidence that inflames the jury or appeals improperly to the jury’s emotions.” (citations and quotation marks omitted)). However, an objection on relevance grounds only will not preserve an argument of unfair prejudice on appeal. See Andrews v. State, 82 So.3d 979, 982 n. 2 (Fla. 1st DCA 2011) (“Appellant failed to object at trial on undue prejudice grounds pursuant to section 90.403, Florida Statutes .... As a result, he waived any possible undue prejudice argument on appeal.” (citing Mitchell v. State, 734 So.2d 450, 452 (Fla. 4th DCA 1999))); Johnson v. State, 40 So.3d 883, 887 n. 2 (Fla. 4th DCA 2010) (finding that because defense counsel “specifically argued that the probative value of [the evidence at issue] was outweighed by the danger of unfair prejudice” the issue was “thus preserved] ... for appeal and obligated] the trial court to apply the section 90.403 balancing test” (citation omitted)). The burden is on the party attempting to exclude evidence on the basis that it is unfairly prejudicial. See Gerry, 855 So.2d at 159.[1]
We are not unmindful of the quandary that occurs during a fast-paced jury trial when the need to lodge a specific objection collides with the prohibition against speaking objections. As stated in Michaels v. State, 773 So.2d 1230 (Fla. 3d DCA 2000):
[S]peaking objections are improper, as they constitute nothing less than unau *366 thorized communications with the jury. Such objections characteristically consist of impermissible editorials or comments .... They are distinguishable from legitimate objections which simply state legal grounds that arguably preclude the introduction of the evidence at issue. Where an objection requires more than a simple statement of such legal grounds, experienced trial lawyers know they need to seek a side bar conference or ask the court to excuse the jury so that more thorough arguments can be made.
Id. at 1231.
Indeed, in a concurring opinion, Justice Barbara Pariente addressed this natural “tension”:
When it comes to a perceived error at trial, we have urged lawyers to not only object but to also apprise the trial court of the specific nature and grounds upon which the objection is based. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982), and its progeny. As the Court has often stated, “[t]o preserve error for appellate review, the general rule requires that a contemporaneous, specific objection occur at the time of the alleged error.” Overton v. State, 976 So.2d 536, 547 (Fla.2007) (citing F.B. v. State, 852 So.2d 226, 229 (Fla.2003), and Steinhorst, 412 So.2d at 338). However, this requirement, which is necessary to preserve the issue for appellate review, is not always easy to apply in the real world of courtrooms. Judges frown on speaking objections and often both lawyers and trial judges do not want the jury to hear the argument on the objection because of a legitimate concern that a discussion in front of the jury may only highlight the error. Yet, a properly articulated specific objection is necessary not only for appellate preservation but to assist the trial court in making a proper ruling as well. Therefore, to address the tension between the need for a specific objection and the desire to shield the jury from the argument, often either the trial judge or the lawyer will ask that the objection be heard at sidebar.
Salazar v. State, 991 So.2d 364, 380-81 (Fla.2008) (Pariente, J., specially concurring) (footnote omitted).
Counsel is well-advised to seek guidance from the trial court as to the method preferred by the presiding judge when making an “inflammatory” or “unfair prejudice” objection pursuant to section 90.403. Alternatively, as suggested by Justice Pariente, an attorney may request a bench conference to preserve an objection outside the ears of the jury.
With respect to the issue which was preserved on appeal — the relevance of the officer’s testimony about the extent of her injury during the chase — we find no reversible error. The admission of evidence or testimony over a relevance objection is reviewed for a clear abuse of discretion. Vargas v. State, 101 So.3d 1269, 1270 (Fla. 4th DCA 2012) (citation omitted). “Relevant evidence is that which tends to prove or disprove a material fact.” Guerrero v. State, 125 So.3d 811, 2013 WL 950033 (Fla. 4th DCA Mar.13, 2013) (citation and quotation marks omitted).
As to the officer’s brief testimony that her leg injury resulted in a six-month period of convalescence, we find this testimony not to be relevant. The extent of the officer’s injury did not tend to prove or disprove a material fact in issue. See § 90.401, Fla. Stat. (2012) (“Relevant evidence is evidence tending to prove or disprove a material fact.”). More specifically, the extent of the officer’s injury did not relate to any element of the charges which the state had the burden to prove.
*367 However, we conclude that the admission of this testimony was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (stating that an error is harmless if “there is no reasonable possibility that the error contributed to the conviction” (citation omitted)). The actual testimony at issue was brief and did not become a feature of the trial. While the burglary victim could not identify Datus in court, the effect of the testimony concerning the officer’s injury was inconsequential.

Affirmed.

TAYLOR, J., and ROBINSON, MICHAEL A., Associate Judge, concur.

. Defense counsel concedes this point in his reply brief.