GROSS, J.
At about 7 a.m. one January morning, a detective and 17 members of the Sunrise Police Department SWAT team broke into appellant’s apartment to execute a search warrant. They found appellant asleep on the living room couch. Appellant punched and kicked multiple officers, leading to the charge in this case for resisting an officer with violence. A search of the residence uncovered young children and two women, but no drugs or guns.
At appellant’s trial, a police sergeant testified that when asked for his name, appellant falsely provided that of his brother. Defense counsel immediately objected that such information had not been provided in discovery. The trial court overruled the objection without inquiring further. The sergeant conceded that his police report said nothing about the false name.
Appellant’s objection was sufficient to raise the issue of a discovery violation. The trial court’s failure to conduct a Richardson[1] hearing is reversible error unless a reviewing court can say beyond a reasonable doubt that the defense was not procedurally prejudiced. See Smith v. State, 7 So.3d 473, 505-06 *1243 (Fla.2009); State v. Schopp, 653 So.2d 1016, 1020-21 (Fla.1995). We cannot say that the defense was not so prejudiced.

Reversed and remanded for a new trial.

WARNER and CONNER, JJ., concur.

. Richardson v. State, 246 So.2d 771, 775 (Fla.1971).