FORST, J.
This case is an appeal from the conviction and sentence. of Appellant Cheryl Robinson for various , battery-related offenses stemming from an altercation in which she, her sister, and another accomplice allegedly -attacked four victims. We find merit in two of Appellant’s arguments, requiring reversal. . We also, write to address ■ a third - argument, and note that there was one further error below which is rendered moot by our reversal. We. affirm the remaining four arguments without comment.[1]
Background
Appellant’s sister was involved in a fight at a park involving two' of the eventual victims in this case. Later that night, Appellant, her sister, and another accomplice attacked the four victims at the residence of several of the victims. The only non-victim/aggressor witness to this altercation was the juvenile son of one of the victims. Appellant was charged with five battery-related'and property crimes.
*1092 Prior to jury selection, the State told the trial court that Appellant had not produced a witness list. Appellant responded that she could produce a witness list that afternoon. The trial court stated that “[w]e practice reciprocal discovery. And the State is required to give notice of potential witnesses. And the Defense is required to give notice of witnesses it actually intends to call.” Appellant responded, “Well, they give [sic] me the name of the juvenile they intend to call. I just got that.” The trial court responded by informing Appellant that once she filed a Demand for Speedy Trial, the State’s discovery obligations were over. The State then asked the trial court if a Richardson[2] hearing would occur. The trial court indicated that it would not because the court was not going to allow “trial by ambush,” and stated that this was the last chance for Appellant to file a witness list. The trial court notified Appellant that her speedy trial request would be stricken or withdrawn if she filed a witness list after voir dire began. In response, Appellant stated that “we prefer to just go forward without that witness then.”
Appellant’s position at trial was that she was not present at the park, that she was not involved in the incident, and that all of the victims were lying. When the State called the juvenile witness, Appellant renewed her objection and was again overruled.
The State also called an officer involved in the case, who testified that Appellant was not arrested until six to nine months later because she was evading police. The officer testified that, during this period, Appellant called the officer’s office multiple times and proclaimed that she was a lousy detective, she was going to have her chair (meaning her job), she was dirty, and she was going to have Internal Affairs investigate her. Appellant objected to this testimony on the basis of relevancy and prejudice claiming that it had “[n]othing to do with the elements of this case.” The trial court overruled this objection.
After the State rested its case, Appellant again mentioned witnesses she desired to call, listing six people she claimed were at the park during the earlier fight. The trial court again excluded the witnesses without a hearing.
The jury found Appellant guilty of four of the. five counts charged. After some procedural steps not relevant on appeal, the trial court eventually sentenced Appellant to 18 years in prison followed by 10 years of probation on Count I, 15 years in prison followed by 5 years of probation on Count II, 15 years in prison on Count III, and 141 days in prison on count IV. The sentences were ordered to run concurrently.
Analysis

A. The State’s Discovery Violation

Whether a possible discovery violation exists such that a Richardson hearing is required is reviewed de novo. Cuminotto v. State, 101 So.3d 930, 936 n. 2 (Fla. 4th DCA 2012). “The trial court’s failure to conduct a Richardson hearing is reversible error unless a reviewing court can say beyond a reasonable doubt that the defense was not procedurally prejudiced.” Moorer v. State, 133 So.3d 1242, 1242 (Fla. 4th DCA 2014) (footnote omitted). “[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially differed had the violation not occurred.” State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995); see also Scipio v. State, 928 So.2d 1138, 1147 (Fla.2006).
*1093 Richardson errors are subject to the preservation requirement. See Smith v. State, 7 So.3d 473, 506 (Fla.2009). However, “[t]here are no exact ‘magic words’ or phrases which must be used ...; only the fact that a discovery request has not been met.” Id. A statement as simple as “[the State] should have noticed in advance of the [violation] so that we could at least find out what was going on” is sufficient. Id. There is no requirement that a party actually request a Richardson hearing; one is mandatory when the trial court simply has notice of a possible discovery violation. Jones v. State, 32 So.3d 706, 710-11 (Fla. 4th DCA 2010).
Here, the trial court said that “the State is required to give notice of potential witnesses,” at which point Appellant’s counsel told the court that “they [just] g[a]ve me the name of the juvenile they intend to call.” The trial court’s next statement regarding the State’s discovery obligations indicates that the court was aware that Appellant believed that the State had violated its discovery obligations. This was sufficient to put the trial court on notice of a possible violation, and therefore sufficient to preserve this issue for appellate review.
The question on the merits is whether we can say beyond a reasonable doubt that Appellant’s trial preparation or strategy would not have materially differed had the State’s juvenile witness been timely disclosed. Schopp, 653 So.2d at 1020; Moorer, 133 So.3d at 1242. Appellant’s theory of the case was that she was not present for the altercation and that the witnesses against her were lying because of bias and prejudice. Fundamental to this defense is Appellant being able to demonstrate bias and prejudice on the part of each and every witness. By adding a new witness at the last minute—a witness that Appellant had been unable to investigate—the State prevented Appellant from fully executing her trial strategy. We cannot say beyond a reasonable doubt that Appellant’s preparation or strategy would have been unchanged had she known the juvenile witness would be testifying. The State has failed to meet its extremely high burden on this issue. See Scipio, 928 So.2d at 1148.
We therefore reverse and remand based on the trial court’s failure to hold a Richardson hearing regarding the State’s untimely witness.

B. Appellant’s Discovery Violation

In addition to allowing the State to call a witness it had not timely disclosed, the trial court prevented Appellant from calling her own untimely-requested witnesses. “The ‘extreme sanction of excluding [defense] evidence’ should be used only as a last resort and it is incumbent upon the trial court to determine whether any other reasonable alternatives can be employed to overcome possible prejudice.” Delhall v. State, 95 So.3d 134, 163 (Fla.2012) (alteration, in original) (quoting McDuffie v. State, 970 So.2d 312, 322 (Fla.2007)). This is because “there are few rights more fundamental than the right of an accused to present evidence or witnesses in his own defense.” Id.
The State again raises a preservation argument on this point, but it is again without merit. Appellant was the party attempting to introduce witnesses and the State was the party opposed to those witnesses because they were not disclosed as part of the discovery process. It was therefore the State that had the burden to preserve an objection to the discovery violation, which it undoubtedly did by bringing the issue to the court’s attention and specifically asking if a Richardson hearing would occur. Appellant was not required to object to the court’s action on the State’s objection, just as a proponent of *1094 hearsay evidence is not required to object when the evidence is excluded based on an opposing, party’s.objection. The State-alternatively argues that Appellant waived this issue; however, when read in context, the entire interaction between the Appellant, the State, and the court indicates that Appellant did not consent to the striking of her witnesses.
The trial court’s failure to hold a Richardson hearing was error. See McDugle v. State, 591 So.2d 660, 661 (Fla. 3d DCA 1991); see also Delhall, 95 So.3d at 163; German v. State, — So.3d-, 41 Fla. L. Weekly D1170, 2016 WL 2894123 (Fla. 4th DCA May 18, 2016). The question before us is whether that error was harmless. “The harmless error test ,.. places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); see Delhall, 95 So.3d at 163 (applying a DiGuilio analysis in a similar situation).
The witnesses sought to be called by the Appellant after the close of the State’s case-in-chief were at the earlier videotaped altercation that was a key part of the State's case. The State has not shown beyond a reasonable doubt that, had these six witnesses been allowed to testify (even if there was some lesser sanction imposed after an appropriate Richardson hearing), the jury would not have doubted the State’s case a bit more. Because the error may have contributed to the verdict, it was not harmless.
We therefore reverse and remand based on the trial court’s failure to hold a Richardson hearing regarding the Appellant’s untimely witnesses.

C. Evidence of Appellant’s Threats to and Aspersions of an Officer

“The admissibility of evidence is' within the sound discretion of the trial court, subject to the rules of evidence, and will not be reversed absent a clear abuse of that discretion.” Vilsaint v. State, 127 So.3d 647, 649 (Fla. 4th DCA 2013). “Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401,'Fla. Stat. “In determining relevance, we look to the elements of the crime charged.... ” Johnson v. State, 991 So.2d 962, 966 (Fla. 4th DCA 2008).
Appellant was charged with five property and battery-related crimes not involving the officer to whom the threats and aspersions were directed. The statements were therefore not directly relevant to the elements of the charged crimes. The State argues, however, that the comments were relevant because they served to contradict Appellant’s defense that she was not present when the crimes occurred. But “in order for evidence of a threat against a witness to be relevant, the threat must pertain to the witness’s testifying about the crime.” Ford v. State, 801 So.2d 318, 320 (Fla. 1st DCA 2001). “Without some link to the charges being tried, a general threat is not admissible to show consciousness of guilt.” Id.; see also Straight v. State, 397 So.2d 903, 908 (Fla.1981). Here, the State has not connected the threats and aspersions with any attempt to prevent the officer from testifying. Appellant’s statements were directed towards the continuing investigation and were not, at least from the record before us, made with the intent of preventing the officer from eventually testifying. The statements were therefore inadmissible to show a consciousness of guilt. See Lavin v. State, 754 So.2d 784, 787 (Fla. 3d DCA 2000) (“[T]he threats here were more probative of [the defendant’s] anger over his *1095 arrest than of his guilt of the crime charged.... ”).
The statements were also inadmissible for the purpose of impeachment. Florida law does not allow “impeachment by reference to bad acts other than convictions .for felonies or misdemeanors involving dishonesty.” Fernandez v. State, 730 So.2d 277, 283 (Fla.1999) (relying on §§ 90.60810, Fla. Stat.).
Finally, we hold that the error here was not harmless, when viewed in the context of and cumulatively with the other grounds for reversal. See DiGnilio, 491 So.2d at 1135, (setting forward the harmless error test). Collateral crime evidence is “presumed 'harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged.” Straight, 397 So.2d at 908. The State is the party with the burden of showing the error was harmless, DiGnilio, 491 So.2d at 1135, and has not met that burden here. Neither of the State’s comparative cases, Datus v. State, 126 So.3d 363 (Fla. 4th DCA 2013), or Smith v. State, 424 So.2d 726 (Fla.1982), are persuasive. Datus did not involve collateral crimes, Datus, 126 So.3d at 365, and Smith was decided under a more lenient standard than what was outlined in DiGuilio four years later, Smith, 424 So.2d at 731. Although we are not prepared to say that, standing alone, the admission of these statements would have been reversible error, we do find that the cumulative effect of the errors in this case deprived Appellant of “the fair and impartial trial that is the inalienable right of all litigants.” Brooks v. Statp, 918 So.2d 181, 202 (Fla, 2005) (quoting Jackson v. State, 575 So.2d 181, 189 (Fla.1991)).

D. Appellant’s Sentence

Although the reversal of Appellant’s conviction renders any error with her sentence moot, we take this opportunity to remind the' trial courts .that “the incarcerative portions of all counts must be completed before the probationary portion of any count begins.” Hatton v. State, 689 So.2d 1195, 1195 (Fla. 4th DCA 1997). Here, Appellant was sentenced to 18 years in prison on one count, and to 15 years in prison followed by 5 years’ probation on another, with the sentences to run concurrently. Under this sentence, she would have been on probation for the second count for the final three years of her imprisonment on the first count. The sentence imposed was therefore not a legal sentence and would have merited reversal and a remand for correction by the trial court had the errors addressed above not been present.
Conclusion
The trial court erred in failing to hold a Richardson hearing on both the State’s late-disclosed witness and Appellant’s late-disclosed set of witnesses. The trial court also erred by allowing évidence of Appellant’s threats and aspersions to an officer when those statements were not relevant to the elements of the crimes charged or intended to influence the officer- not to testify. Finally, the sentence imposed was improper because it would have resulted in Appellant being simultaneously on probation and incarcerated. For all of these reasons, we reverse the judgment and sentence and remand for a new trial.

Reversed.

CIKLIN, C;J,, and LEVINE, J., concur.

, The four affirmed arguments involve (1) whether the vehicle in this case could legally have been "used” as a deadly weapon; (2) whether the State improperly shifted the burden during closing arguments; (3) whether the trial court erred in denying Appellant's request to play additional video footage for the jury during the State’s case-in-phief; and (4) whether Florida's habitual offender statute is unconstitutional.

. Richardson v. State, 246 So.2d 771, 775 (Fla.1971).