# Third District Court of Appeal

**State of Florida**

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-627
Lower Tribunal No. 11-6004
_____

**King Knight,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and LUCK, JJ.

LUCK, J.

Defendant King Knight raises one issue in this appeal from his conviction and sentence for sexual battery: the trial court erred by allowing the victim of Knight's rape and beating to testify that she saw a therapist, and couldn't go out at night, in the days and weeks after the attack. Knight contends that the probative value of this evidence was substantially outweighed by its unfair prejudice, and therefore was inadmissible under section 90.403 of the Florida Statutes.[1] Because Knight did not object at trial to this part of the victim's testimony on "prejudice" grounds,[2] the issue was not preserved for appeal. See Datus v. State, 126 So. 3d

---

[1] "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." § 90.403, Fla. Stat.

[2] This is the relevant part of the victim's testimony:
[Prosecutor] How did you feel when you got home?
[Ms. Brown] I was still in shock. I was still upset, scared to go out. I don't go out at night. I cannot go out at night.
[Prosecutor] Did they ever recommend any kind of services to you when you are at Jackson Memorial hospital?
[Ms. Brown] I did – they –
[Defense counsel] Objection, relevance.
[The court] Overruled.
[Prosecutor] You can answer.
[Ms. Brown] They did.
[Prosecutor] What did they offer you?
[Defense counsel] Objection, hearsay.
[The court] Sustained.
[Prosecutor] Did you go to any therapy after this?
[Ms. Brown] Yes, I did.
[Prosecutor] Was that here [in] Miami?
[Ms. Brown] Yes, it was.
[Prosecutor] Do you still have effects from this incident in your life?
[Defense counsel] Objection, relevance.
[The court] Sidebar.
….

363, 365 (Fla. 4th DCA 2013) ("[A]n objection on relevance grounds only will not preserve an argument of unfair prejudice on appeal."); Andrews v. State, 82 So. 3d 979, 982 n.2 (Fla. 1st DCA 2011) ("Appellant failed to object at trial on undue prejudice grounds pursuant to section 90.403, Florida Statutes (2008). As a result, he waived any possible undue prejudice argument on appeal."); Reynolds v. State, 660 So. 2d 778, 780 (Fla. 4th DCA 1995) ("By defense counsel's simply objecting to testimony on the grounds that it is 'cumulative,' without more, the trial court is not alerted to the fact that the objection is based upon a contention that the probative value of the otherwise admissible evidence is outweighed by the danger of unfair prejudice.") Because admitting the victim's testimony that after the rape she went to a therapist and couldn't go out at night was not fundamental error, we affirm. See Johnson v. State, 40 So. 3d 883, 887 (Fla. 4th DCA 2010) (reviewing

---

[The court] What's the relevance?
[Prosecutor] The relevance is they're saying this is a consensual act, if it is a consensual act, why is she bothering to go to therapy? Why is she still changing her life as a result of what happened to her?
[The court] Either you – I'm not sure how – after is relevant what happened during.
[Prosecutor] It's relevant to the truth of what she's saying
….

[The court] The objection is overruled; you may proceed.
[Prosecutor] Ms. Brown, can you tell the members of the jury what's changed in your life as a result of this?
[Ms. Brown] I can't go out at night. Wherever I go, I go with a crowd of people. And I'm basically home with the children, my grandchildren, my husband. I don't go anywhere.

under harmless error analysis the erroneous admission of post-assault victim behavior).

Affirmed.