DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH PIERRE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3956

[May 16, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas Lynch and Geoffrey Cohen, Judges; L.T. Case No. 15-16328 CF10A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Joseph Pierre challenges his conviction for attempted first-degree murder. He argues that the trial court erred in admitting a multi-colored ski mask that was not used in the crime and by permitting an expert witness to testify to an area outside of his expertise. As a result of waiver, we find no reversible error. Because most of the issues were not properly preserved for review, we affirm and we write to once more impress upon counsel the duty to be mindful of preserving the right to appeal, particularly within the rigors of an ongoing jury trial.

The evidence adduced at trial reveals that Pierre shot his ex-wife. Pierre was wearing a dark ski mask, but his ex-wife and another eyewitness, his son, saw his face when the mask slipped off. As Pierre attempted to flee, the son threw a brick at the passenger side of Pierre's vehicle, smashing the rearview mirror. Five hours later, Pierre was apprehended in a rental car with a missing rearview mirror. The state presented testimony from an expert witness, Brian Silvia, that he put the broken pieces of the rearview mirror collected at the scene of the

shooting together like a puzzle and that they matched the rental car. Although the mask worn in the shooting was never found, police discovered a second but different, multi-colored ski mask in the rental car.

At trial, the defense theorized that Pierre rented the vehicle for a trip to Georgia and not to facilitate the shooting. Accordingly, Pierre objected to the introduction of the second mask as irrelevant. The state argued to the trial judge that the extra mask was relevant to show "state of mind, nefarious intent." It was admitted.

On appeal, Pierre argues the trial court erred by admitting the second mask because (1) it was irrelevant and (2) any probative value was outweighed by the danger of unfair prejudice. The state counters that the knit cap was relevant because the presence of the additional mask in Pierre's rental car proved that the rental car was the same car used in the attempted murder and proved that Pierre had a premeditated design to kill the ex-wife. The state also argues that because Pierre did not argue the mask was unfairly prejudicial below, the issue was not preserved for review.

"A trial court's decision on the relevance of evidence will not be overturned absent an abuse of discretion, though the court's decision is limited by the rules of evidence." *Jackson v. State*, 89 So. 3d 1011, 1020 (Fla. 4th DCA 2012). "If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Booker v. State*, 514 So. 2d 1079, 1085 (Fla. 1987) (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)).

> Three sections of the evidence code provide the framework for evaluating questions of relevance. The general rule is that "[a]ll relevant evidence is admissible, except as provided by law." § 90.402, Fla. Stat. (2007). "Relevant evidence is [defined as] evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2007). Section 90.403, Florida Statutes (2007), establishes a limitation on the introduction of relevant evidence: "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."

*Jackson*, 89 So. 3d at 1020 (alterations in original).

2

First, because reasonable minds may differ as to whether the second mask was relevant to the issues of the state's or the defense's case, we find no abuse of discretion in the trial court's determination of relevance.

However, we do not reach the merits of whether the probative value of the second mask was substantially outweighed by the danger of unfair prejudice it imposed because Pierre failed to assert this ground below. For proper preservation, a party at trial must contemporaneously object and assert the specific legal basis for his or her objection to the admission of the evidence. *Datus v. State*, 126 So. 3d 363, 365-66 (Fla. 4th DCA 2013). "[A]n objection on relevance grounds *only* will not preserve an argument of unfair prejudice on appeal." *Id.* at 365 (emphasis in original). Thus, the issue was not preserved.

Likewise, we do not reach the merits of Pierre's unpreserved argument that Silvia was erroneously allowed to testify to the composition of the side mirror. Generally, the burden is on a movant to secure a ruling on his motion and the failure to do so results in a waiver for appellate purposes. *Rose v. State*, 787 So. 2d 786, 797 (Fla. 2001); *State v. Kelley*, 588 So. 2d 595, 600 (Fla. 1st DCA 1991). Pierre argued prior to Silvia's testimony that he should not be permitted "to give an expert opinion as to whether or not pieces were from the same car" since his deposition testimony established that his expertise is in the mechanics of cars, not paint and body work. The trial court instructed that the state needed to lay a proper predicate and that it would "entertain any objection you have at a later time." But because Pierre then failed to renew his objection during Silvia's testimony or obtain a ruling on his earlier motion to exclude the testimony, this argument was not preserved for review either.

Finally, we find no fundamental error, which is the sole exception to the preservation requirement, *see Harrell v. State*, 894 So. 2d 935, 941 (Fla. 2005), and which is "the type of error which 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error,'" *see Lawrence v. State*, 831 So. 2d 121, 137 (Fla. 2002) (quoting *Urbin v. State*, 714 So. 2d 411, 418 n.8 (Fla. 1998)). Neither the admission of the mask nor the expert testimony—if erroneous—amounts to fundamental error, as the jury could have found Pierre guilty based on the eyewitness testimony of his son and ex-wife alone.

We thus affirm.

*Affirmed.*

3

WARNER and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***